T.C. Summary Opinion 2004-86

UNITED STATES TAX COURT

CURTIS EARL MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4686-02S.              Filed June 28, 2004.

Curtis Earl Moore, pro se.

<u>Edwina Jones</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1998 of $7,128 and a penalty pursuant to section 6662 of $1,426.  The issues for decision are: (1) Whether petitioner is entitled to relief under section 6015(b) or (c), and (2) whether respondent abused his discretion in denying petitioner's request for relief from joint and several liability under section 6015(f).

## Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Chocowinity, North Carolina, at the time he filed the petition herein.

Petitioner and Dorothy L. Moore (Ms. Moore) were separated in July 1999, after 17 years of marriage.  Sometime prior to 1998, Ms. Moore began operation of Wee Ones Child Care, a day care business, as a sole proprietorship.  Ms. Moore operated the business during the taxable year 1998.

Petitioner, who did not complete high school, worked full time as a maintenance supervisor for Flanders Filters and received wages during 1998.  Petitioner did not read well and relied on Ms. Moore during the marriage for business matters, including tax preparation.

While not directly involved in the operation of Wee Ones Child Care, petitioner assisted Ms. Moore financially with the

startup costs, purchased supplies, and performed repair work and remodeling for the day care center. Petitioner considered himself to be a "handyman" for Wee Ones Child Care. Petitioner gave Ms. Moore receipts for his cash expenditures. Ms. Moore presumably utilized the receipts in calculating income and expenses for Wee Ones Child Care.

Ms. Moore prepared joint tax returns for petitioner and herself during their marriage. For taxable year 1998, as in prior taxable years, petitioner gave Ms. Moore his Form W-2, Wage and Tax Statement, and other tax information, and Ms. Moore prepared the return and presented the completed return to petitioner for his signature. For the year in issue, petitioner also provided Ms. Moore a list of employee business expenses approximating $600. After Ms. Moore prepared the 1998 return, petitioner did not review it prior to signing it.

The 1998 return reported petitioner's wages of $27,200. The return also reflected itemized deductions of $14,526, which amount included deductions of $5,212 for medical and dental expenses and deductions of $3,889 for unreimbursed employee business expenses. The return also attached a Schedule C, Profit or Loss From Business, relating to Wee Ones Child Care. The Schedule C reflected gross receipts of $20,100, expenses of $30,549, and a net loss of $10,449.

In a notice of deficiency dated January 8, 2002, respondent made adjustments to the 1998 return as follows:

| | |
|---|---|
| Unreported unemployment compensation | $294 |
| Disallowed itemized deductions | 7,400 |
| Disallowed Schedule C deductions | 27,749 |

As a result of these adjustments, respondent determined that there was a self-employment tax of $2,444.[1]

The omitted unemployment compensation of $294 was paid to petitioner. The disallowed itemized deductions fall into two categories. The first is net disallowed medical and dental expense of $3,869, which appears to be attributable to both petitioner and Ms. Moore.[2] The second is net disallowed miscellaneous deductions for employee business expense, which amounted to $3,531. All the other adjustments in the notice of deficiency relate to Wee Ones Child Care. When petitioner and Ms. Moore were advised of the adjustments, Ms. Moore did not dispute the proposed adjustments and instead executed a waiver permitting assessment.

Petitioner made an initial attempt during the examination to submit information relating to the employee business expense deduction. Later petitioner submitted a Form 8857, Request for

---

[1] Half of this amount or $1,222 is an allowable deduction for self-employment tax.

[2] The record does not reveal any breakdown of the portion of the medical expense deduction attributable to petitioner or Ms. Moore.

Innocent Spouse Relief. Since petitioner did not agree to the proposed adjustments, a notice of deficiency was issued to him, and a timely petition was filed wherein petitioner claimed relief under section 6015.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015. A spouse may qualify for relief from liability under section 6015(b), or if eligible, may allocate liability under section 6015(c). In addition, if relief is not available under section 6015(b) or (c), an individual may seek equitable relief under section 6015(f). Fernandez v. Commissioner, 114 T.C. 324, 329-331 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000). Our review is not limited to respondent's administrative record. Ewing v. Commissioner, 122 T.C. 32, 44 (2004).

Except as otherwise provided in section 6015, petitioner bears the burden of proof. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. __ Fed. Appx. __ (6th Cir., June 3, 2004).

1.  Section 6015(b)

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax.  To be eligible for relief, the requesting spouse needs to satisfy the following five elements of section 6015(b)(1):

(A) A joint return has been made for a taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such an understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for the taxable year attributable to the understatement; and

(E) the other individual makes a valid election.

Petitioner seeks relief under section 6015(b) with respect to respondent's adjustments to the 1998 return for unreported unemployment compensation of $294, disallowed itemized deductions of $7,400, and disallowed Schedule C deductions of $27,749. However, petitioner cannot be granted relief for understatements

that are attributable to his own erroneous items. See <u>Hopkins v.</u> <u>Commissioner</u>, 121 T.C. 73, 77 (2003). The unemployment compensation was solely attributable to petitioner, and he could not explain why it was omitted from the joint return. The disallowed itemized deductions, in the form of medical expense deductions and an employee business expense deduction, are not necessarily attributable to petitioner; however, as more fully discussed <u>infra</u>, petitioner had reason to know of the understatement in this regard. Accordingly, we agree with respondent that petitioner is not entitled to relief under section 6015(b) as to the unreported unemployment compensation and the disallowed itemized deductions.

The disallowed Schedule C deductions are a different matter, however. Respondent does not appear to dispute that petitioner satisfies two elements of section 6015(b)(1); namely, those regarding joint return and timely election under section 6015(b)(1)(A) and (E), respectively. Thus, we consider whether petitioner satisfies the remaining three elements of section 6015(b) with respect to the Schedule C deductions for Wee Ones Child Care.

One of the three remaining elements of section 6015(b) requires that the understatement of tax resulting from the disallowed Schedule C deductions is not attributable to petitioner. From a review of this record, we are satisfied that

petitioner was not involved in Wee Ones Child Care, other than as a handyperson, providing maintenance assistance to Ms. Moore. His assistance to his former spouse in the initial funding and his purchase of some supplies does not create a joint venture, as suggested by respondent. Thus, we conclude that petitioner satisfies section 6015(b)(1)(B).

The second of the three remaining elements of section 6015(b)(1) requires that petitioner, in signing the return, did not know, and had no reason to know, that there was an understatement. See Grossman v. Commissioner, 182 F.3d 275, 279-280 (4th Cir. 1999), affg. T.C. Memo. 1996-452. A requesting spouse has knowledge or reason to know of an understatement if he or she actually knew of the understatement, or if a reasonably prudent taxpayer in his or her position, at the time he or she signed the return, could be expected to know that the return contained an understatement or that further investigation was warranted.[3] Butler v. Commissioner, supra at 283. In deciding whether a spouse has reason to know of an understatement, we undertake a subjective inquiry, and we recognize several factors

---

[3] Secs. 1.6015-2 and 1.6015-3, Income Tax Regs., do not apply to the present case because petitioner's request for relief was filed before the regulation's effective date of July 18, 2002. See sec. 1.6015-9, Income Tax Regs. Nevertheless, application of those regulations to the present case would yield the same result, that is, petitioner did not know or have reason to know of the understatement of tax attributable to the Schedule C deductions of Wee Ones Child Care.

that are relevant to our analysis, including but not limited to: (1) The alleged innocent spouse's level of education; (2) the spouse's involvement in the family's business and financial affairs; and (3) the culpable spouse's evasiveness and deceit concerning the couple's finances. Id. at 284.

In the present case, we conclude that petitioner did not have actual knowledge of the understatement of tax attributable to the Schedule C deductions of Wee Ones Child Care. Petitioner's knowledge of Wee Ones Child Care as the source of an erroneous item is not sufficient to establish actual knowledge. Moreover, we find that a reasonably prudent person in petitioner's circumstances would not know of the understatement. Petitioner was employed full time outside the home as a maintenance supervisor. Petitioner has limited education. Ms. Moore ran Wee Ones Child Care, maintained the books and records and prepared the tax returns. Thus, petitioner had no direct involvement in the business, other than as a handyperson and as a provider of startup costs. We are thus convinced that petitioner satisfies the requirements of section 6015(b)(1)(C).

The last of the three remaining elements of section 6015(b)(1), whether it is inequitable to hold a spouse liable for a deficiency, is determined by "taking into account all the facts and circumstances". The equitable factors we consider under section 6015(b)(1)(D) are the same as those we consider under

section 6015(f) and are outlined in Rev. Proc. 2000-15, 2000-1 C.B. 447.[4] <u>Alt v. Commissioner</u>, 119 T.C. at 316. The factors weighing in favor of relief are as follows: (a) Petitioner was divorced from Ms. Moore, (b) as more fully discussed with respect to section 6015(b)(1)(C) above, petitioner did not know or have reason to know of the understatement, (c) there is nothing in the record indicating that Ms. Moore had a legal obligation to pay the outstanding tax liability, and (d) the items giving rise to the deficiency--that is, the Schedule C deductions--are attributable solely to Ms. Moore. These factors weighing in favor of relief have either been satisfied by petitioner or have a neutral effect. See <u>Rosenthal v. Commissioner</u>, T.C. Memo. 2004-89. Accordingly, we conclude that it is inequitable under section 6015(b)(1)(D) to hold petitioner liable for the deficiency, to the extent that it relates to the Schedule C deductions and the resulting adjustment of $2,444 to the self-employment tax.

---

[4] The Commissioner prescribed procedures in Rev. Proc. 2000-15, 2000-1 C.B. 447, to be used in determining whether an individual qualifies for relief under sec. 6015(f). The revenue procedure takes into account factors such as marital status, economic hardship, and significant benefit in determining whether relief will be granted under sec. 6015(f). Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448. We note, however, that this revenue procedure has been superseded by Rev. Proc. 2003-61, 2003-32 I.R.B. 296, which is effective for requests for relief made after Nov. 1, 2003.

In summary, we hold that petitioner does not qualify for relief under section 6015(b) with respect to unreported unemployment compensation and the disallowed itemized deductions. However, based on the foregoing, we hold that petitioner does qualify for relief under section 6015(b) to the extent the deficiency for the taxable year 1998 relates to adjustments to Schedule C and to the resulting adjustment to the self-employment tax.

For the remaining adjustments not entitled to relief under section 6015(b), namely, the unreported unemployment compensation and the disallowed itemized deductions, we next consider whether petitioner is entitled to relief pursuant to section 6015(c).

2. Section 6015(c)

Section 6015(c) allows a taxpayer who is eligible and so elects to limit his or her liability to the portion of a deficiency that is properly allocable to the taxpayer as provided in section 6015(d). Sec. 6015(c)(1). In the present case, the unreported unemployment compensation and the disallowed itemized deductions are all allocable, at least in part, to petitioner. Petitioner has the burden of proving the portion of the deficiency allocable to him, and respondent has the burden of proving actual knowledge of the item giving rise to the deficiency. See sec. 6015(c)(2), (3)(C). Petitioner did not establish what portion of the deficiency attributable to the

disallowed itemized deductions is allocable to Ms. Moore and what is allocable to him. Accordingly, petitioner is not entitled to relief under section 6015(c) with respect to the portion of deficiency attributable to these items.

3. Section 6015(f)

Since petitioner is not entitled to relief under section 6015(b) or (c), with respect to the unreported unemployment compensation and the disallowed itemized deductions, we consider whether petitioner qualifies for relief under section 6015(f), after a trial de novo and using an abuse of discretion standard. See Ewing v. Commissioner, 122 T.C. 32 (2004); Fernandez v. Commissioner, 114 T.C. at 328-329; Butler v. Commissioner, 114 T.C. at 287-292. Petitioner bears the burden of proving that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion. See Rule 142(a); Alt v. Commissioner, supra at 311. Petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. See Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

As previously discussed, the Commissioner has prescribed procedures for determining whether a spouse qualifies for relief under subsection (f). We have upheld the procedures found in Rev. Proc. 2000-15, 2000-1 C.B. 447, in reviewing a

determination.  <u>Washington v. Commissioner</u>, 120 T.C. 137, 147-152 (2003).

Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, provides seven threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  Respondent does not raise any argument with respect to these seven threshold conditions, and therefore, we presume that they have been satisfied and consider other provisions of the revenue procedure.

Rev. Proc. 2000-15, sec. 4.03(1) and (2), 2000-1 C.B. at 448, sets forth six positive and six negative factors that are to be considered in determining whether to grant relief.  The revenue procedure makes clear that no single factor is to be determinative in any particular case, that all factors are to be considered and weighed appropriately, and that the list of factors is not intended to be exhaustive.  While we previously discussed the factors weighing in favor of relief, such discussion related to items to which we have held that petitioner is entitled to relief under section 6015(b).  Thus, we limit the discussion of the factors as they relate to those adjustments resulting in a deficiency from which we have held petitioner is not entitled to relief; namely, the unreported unemployment compensation and the disallowed itemized deductions.  See sec. 6015(f)(2).

The two factors which we consider of most importance weigh against section 6015(f) relief. The first factor is the item for which relief is sought is solely attributable to petitioner. We have fully discussed this above and concluded that the omitted unemployment insurance and the disallowed itemized deductions are attributable to petitioner. The second factor is knowledge or reason to know of the items giving rise to the deficiency. Petitioner had knowledge or reason to know of the items giving rise to the deficiency. We are satisfied that petitioner had actual knowledge of the omitted unemployment insurance income, and the itemized deductions. For example, petitioner gave Ms. Moore a list representing employee business expenses totaling approximately $600. The return, prepared by Ms. Moore, reflected $3,889 in employee business expense. Petitioner cannot escape liability for items of income or deductions which are attributable to him and of which he had knowledge, by not reviewing the tax return.

Considering the above analysis, we conclude that respondent did not abuse his discretion in denying relief under section 6015(f), as to the portion of deficiency resulting from the omitted unemployment income and disallowed itemized deductions.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.