T.C. Summary Opinion 2004-116

UNITED STATES TAX COURT


MILTON M. SCARBOROUGH, Petitioner, AND
JUDY H. SCARBOROUGH BARRENTINE, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6135-03S.            Filed August 26, 2004.


Milton M. Scarborough, pro se.

Judy H. Scarborough Barrentine, pro se.

<u>Marshall R. Jones</u> and <u>Robert W. West</u>, for respondent.


HALPERN, <u>Judge</u>:  This case was heard pursuant to section
7463.[1]  The case arises from a request for relief made by
petitioner of respondent pursuant to section 6015 for relief from

---

[1]  Unless otherwise noted, all section references are to the
Internal Revenue Code as currently in effect, and Rule references
are to the Tax Court Rules of Practice and Procedure.  All dollar
amounts have been rounded to the nearest dollar.

joint and several liability for Federal income tax for petitioner's 1999 taxable year. Petitioner made such request by submitting a Form 8857, Request for Innocent Spouse Relief, dated March 28, 2001 (the request). Respondent denied the request by notice of determination dated January 21, 2003. On April 23, 2003, petitioner timely filed a petition for review of respondent's determination (the petition). On September 23, 2003, Judy H. Scarborough Barrentine, petitioner's former wife (intervenor), timely elected to intervene in this proceeding.

The sole issue before us is whether respondent abused his discretion in denying the request. We conclude that he did not. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

### Background

Some facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Yazoo City, Mississippi.

Petitioner and intervenor made a joint return of Federal income tax (the return) for their 1999 taxable (calendar) year. The return shows gross income of $82,580, of which only $19,977 (24 percent) is attributable to intervenor. The return also shows total tax due of $14,972 and withholding credits of $3,431,

leaving a balance due of $11,541.  Petitioner and intervenor signed the return on April 11, 2000, and it was received by respondent on April 15, 2000.  No payment accompanied the return.

Petitioner and intervenor separated on February 1, 2000, and intervenor filed for divorce on March 29, 2000.  Petitioner and intervenor divorced on March 9, 2001.  Among other things, a property settlement agreement (the settlement agreement) entered into by petitioner and intervenor in connection with the divorce provides: "[Petitioner and intervenor] shall equally will [sic] be responsible for paying the [1999] tax liability owed to the Internal Revenue Service in the approximate amount of $14,000."

On the request, petitioner concedes an underpayment of tax for 1999.  On March 28, 2001, the date he made the request, petitioner paid $5,753 to respondent to be credited against the unpaid 1999 liability and claimed credit in the amount of $500 for two previous payments (the total of the three payments being $6,253), which petitioner claimed satisfied his one-half of the then outstanding tax liability.  Petitioner requested "equitable relief" from the remaining 1999 liability.  Petitioner based his request on his belief that the settlement agreement obligated him to pay only one-half of the 1999 tax liability.

Respondent's principal reason for denying the request was his disagreement with the petitioner that the settlement

agreement limited petitioner's liability (as between him and intervenor) to one-half of the 1999 tax liability.

## Discussion

### I.  Introduction

As a general rule, spouses making joint Federal income tax returns are jointly and severally liable for all taxes shown on the return or found to be owing.  Sec. 6013(d)(3).  In certain situations, however, a joint return filer can avoid such joint and several liability by qualifying for relief therefrom under section 6015.  There are three types of relief available under section 6015: (1) full or apportioned relief under section 6015(b); (2) proportionate tax relief for divorced or separated taxpayers under section 6015(c); and (3) equitable relief under section 6015(f), when relief is unavailable under either section 6015(b) or (c).  Petitioner's only claim is that he is entitled to equitable relief under section 6015(f).

SEC. 6015(f) provides:

> (f) Equitable relief.--Under procedures prescribed by the Secretary, if--
>
> (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
>
> (2) relief is not available to such individual under subsection (b) or (c), the Secretary may relieve such individual of such liability.

The parties agree that petitioner is eligible to be considered for equitable relief under section 6015(f) because relief is not available to the petitioner under section 6015(b) or (c). They disagree whether, under the facts and circumstances presented to respondent, it was inequitable for respondent to deny petitioner relief from joint and several liability.

We have jurisdiction to review respondent's denial of petitioner's request for equitable relief under section 6015(f). Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); Butler v. Commissioner, 114 T.C. 276, 292 (2000). We review such denial of relief to decide whether respondent abused his discretion by acting arbitrarily, capriciously, or without sound basis in fact. Jonson v. Commissioner, supra at 125; Butler v. Commissioner, supra at 292. Whether respondent abused his discretion in denying petitioner relief presents a question of fact. See Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002). Petitioner bears the burden of proving that respondent abused his discretion. See Washington v. Commissioner, 120 T.C. 137, 146 (2003); see also Alt v. Commissioner, 119 T.C. 306, 311 (2002) ("Except as otherwise provided in section 6015, petitioner bears the burden of proof"), affd. 101 Fed. Appx. 34 (6th Cir. 2004); Jonson v. Commissioner, supra at 125.

II.   Revenue Procedure (Rev. Proc.) 2000-15

As directed by section 6015(f), the Commissioner has prescribed procedures to determine whether a taxpayer qualifies for relief from joint and several liability on equitable grounds. Those procedures are set forth in Rev. Proc. 2000-15, 2000-1 C.B. 447.  This Court has upheld the use of those procedures in reviewing a negative determination.  See Washington v. Commissioner, supra at 147; Jonson v. Commissioner, supra at 125.

Section 4.01 of Rev. Proc. 2000-15 lists seven conditions (threshold conditions) that must be satisfied before the Commissioner will consider a request for relief under section 6015(f).  If the threshold conditions are satisfied, relief will ordinarily be granted under circumstances described in section 4.02 of Rev. Proc. 2000-15.  If that section does not apply, the Commissioner looks to section 4.03 of Rev. Proc. 2000-15 to determine whether the taxpayer should be granted equitable relief.

Section 4.03(1) of Rev. Proc. 2000-15 lists six factors that the Commissioner will consider as weighing in favor of granting relief for an unpaid liability (positive factors), and section 4.03(2) lists six factors that the Commissioner will consider as weighing against granting relief for an unpaid liability (negative factors).  Four of the six factors in each group are common to both groups, so that the presence or absence of the

factor will (except in one circumstance) necessarily be considered positive or negative.[2] With regard to the remaining two factors in each group, the absence of the factor is considered neutral by the Commissioner.[3] Because four factors are common to both groups of six factors, there are actually eight (4+2+2) separate and distinct factors set forth in section 4.03 of Rev. Proc. 2000-15. No single factor is determinative, and the list is not exhaustive. See Washington v. Commissioner, supra at 148; Jonson v. Commissioner, supra at 125.

Petitioner meets the threshold conditions set forth in section 4.01 of Rev. Proc. 2000-15 but does not satisfy the conditions set forth in section 4.02. We must therefore consider the eight separate and distinct factors set forth in section 4.03 of Rev. Proc. 2000-15. Although respondent's Appeals officer based his determination principally on his conclusion that the settlement agreement did not limit petitioner's liability to one-half of the 1999 liability, and he did not specifically address

---

[2] One of the reciprocal factors is that "[t]he nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability" (positive) or, conversely, that the requesting spouse bears that obligation (negative). If neither spouse bears the obligation, the resulting absence is necessarily neutral.

[3] In Ewing v. Commissioner, 122 T.C. 32, 45 (2004), we stated that we consider the absence of significant benefit to be a factor favoring relief (the Commissioner only considers such absence to be neutral). Since, as discussed infra, there is no evidence one way or the other concerning significant benefit, we may treat that factor as neutral for purposes of this report.

all eight factors in his case memorandum, we shall consider all eight factors. We reach the following conclusions:

– <u>Marital status</u>. At the time petitioner made the request, he was divorced from intervenor, which is considered a positive factor.

– <u>Economic hardship</u>. Petitioner failed to show economic hardship, which failure is considered a negative factor.

– <u>Abuse</u>. Petitioner failed to show abuse, which failure is considered a neutral factor.

– <u>No knowledge or reason to know</u>. Petitioner failed to show that, at the time he signed the 1999 return, he had no knowledge or reason to know that intervenor would not pay the 1999 tax liability. Petitioner signed the 1999 return after he and intervenor had separated and after intervenor had filed for divorce. Putting aside any ambiguity in the settlement agreement, that agreement was not entered into until almost 11 months after the return was filed. Petitioner's reliance on the settlement agreement to show that he believed intervenor would pay one-half of the 1999 liability is therefore misplaced. This factor is negative.

– <u>Legal obligation of nonrequesting spouse</u>. The settlement agreement is ambiguous, and respondent did not abuse his discretion in considering this factor to be neutral.

– <u>Attributable to nonrequesting spouse</u>. Petitioner has failed to show that the remaining 1999 liability is solely attributable to intervenor; conversely, he has failed to establish the extent to which such liability is not attributable to him. This factor is negative.

– <u>Significant benefit</u>. There is no evidence bearing upon whether petitioner did or did not significantly benefit from the unpaid 1999 liability. This factor is neutral.

– <u>Noncompliance with Federal tax laws</u>. There is no evidence regarding petitioner's compliance with Federal income tax laws in the tax years following 1999. This factor is neutral.

Of the factors listed in section 4.03 of Rev. Proc. 2000-15, one is positive, three are negative, and four are neutral. Petitioner has brought to our attention no circumstances beyond those encapsulated by the section 4.03 factors. Our own judgment, considering those factors, is that it is not inequitable to hold petitioner liable for the unpaid 1999 liability. Respondent therefore did not act arbitrarily, capriciously, or without sound basis in fact by not granting petitioner relief from that liability.

III. <u>Conclusion</u>

Respondent did not abuse his discretion in denying petitioner equitable relief from the unpaid 1999 liability.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.