T.C. Memo. 2007-74



UNITED STATES TAX COURT



LINDA D. FARMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19966-05.                    Filed March 29, 2007.



Linda D. Farmer, pro se.

<u>Steven M. Webster</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


GOEKE, <u>Judge</u>:  Petitioner timely filed a petition seeking
review of respondent's determination denying her relief from
joint and several liability for the years 1994, 1995, and 1999
under section 6015(f).[1]

---

[1]All section references are to the Internal Revenue Code.

We review respondent's determination for abuse of discretion, and for the reasons explained herein we find respondent's determination was in error.

FINDINGS OF FACT

Petitioner resided in Albermarle, North Carolina, when her petition in this case was filed.

Petitioner was married to Daniel Brown during the years in question. They separated in July 2000 and were divorced sometime in 2002.

During the years in question, petitioner assisted Mr. Brown in his heating and air-conditioning business. They did not pay the income tax liabilities of $2,597 and $416 reflected on their 1994 and 1999 returns, respectively. Respondent made an assessment of $2,425.85 to correct a mathematical error on the 1995 joint return. This amount was also unpaid. The amounts of tax remaining unpaid are $1,785.30, $2,425.85, and $416, respectively.

Petitioner mailed a Form 8857, Request for Innocent Spouse Relief, in December 2002. In August 2003, respondent made an initial determination to deny relief on the basis that petitioner had knowledge of the taxes due at the time she signed the joint returns, that there was no spousal abuse, and that petitioner had failed to establish economic hardship. Petitioner appealed this denial to no avail, and respondent issued a notice of

determination denying petitioner relief under section 6015(f) on September 16, 2005.

Petitioner acknowledges that she participated as a helper in her former husband's heating and air-conditioning business, and she admits that she signed the joint income tax returns realizing the taxes were not being paid. She maintains that her former husband controlled the receipts from the heating and air-conditioning business and kept the records of that business.

She testified that she had no access to the money her husband's business generated and little or no influence over his use of those funds. She also explained that after she separated from her husband, she lost contact with him and does not know his current whereabouts. She obtained a divorce from him in absentia.

In August 2005, petitioner provided respondent's Appeals officer a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. This Form 433-A reflected that petitioner's debts far exceeded the value of her assets and her current income is below her expenses. Petitioner's Form 433-A indicated that she was remarried and that she did not receive any support from her new husband. In fact, petitioner's Form 433-A indicated that she was expending her resources to support

herself and her spouse.  The Appeals officer did not address in the Appeals memo the information petitioner provided about the lack of support from her new husband.

If petitioner had filed separate returns for the years in issue, then on the basis of the income reported on her Forms W-2, Wage and Tax Statement, she would have had no tax due and would have been entitled to refunds.

OPINION

A.  Background

If husband and wife file a joint Federal income tax return, they are jointly and severally liable for the tax due.  Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). However, a spouse may qualify for relief from joint liability under section 6015(b) or (c) if various requirements are met. The parties agree that petitioner does not qualify for relief under section 6015(b) or (c).

If relief is not available under section 6015(b) or (c), the Commissioner may relieve an individual of liability for any unpaid tax if, taking into account all the facts and circumstances, it would be inequitable to hold the individual liable.  Sec. 6015(f).  This Court has jurisdiction to review a denial of equitable relief under section 6015(f).  Sec. 6015(e).

We review the Commissioner's denial of relief for abuse of discretion.  Jonson v. Commissioner, 118 T.C. 106, 125 (2002),

affd. 353 F.3d 1181 (10th Cir. 2003).  The taxpayer seeking relief has the burden of proof.  Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).  To prevail, the taxpayer must show that the Commissioner's determination was arbitrary, capricious, or without sound basis in law or fact.  Butler v. Commissioner, supra at 291-292; Van Arsdalen v. Commissioner, T.C. Memo. 2007-48.

B.  Rev. Proc. 2000-15

The Commissioner promulgated a list of factors in Rev. Proc. 2000-15, sec. 4, 2000-1 C.B. 447, 448-449, that the Commissioner considers in determining whether to grant equitable relief under section 6015(f).[2]  First, the Commissioner will not grant relief unless seven threshold conditions have been met:  (1) The taxpayer must have filed joint returns for the taxable years for which relief is sought; (2) the taxpayer does not qualify for relief under section 6015(b) or (c); (3) the taxpayer must apply for relief no later than 2 years after the date of the Commissioner's first collection activity after July 22, 1998, with respect to the taxpayer; (4) the liability must remain unpaid; (5) no assets were transferred between the spouses filing

_____

[2]Respondent's determination was subject to Rev. Proc. 2000-15, 2000-1 C.B. 447.  Rev. Proc. 2000-15, supra, was superseded by Rev. Proc. 2003-61, 2003-2 C.B. 296, for requests for relief under sec. 6015(f) that either were filed on or after Nov. 1, 2003, or were pending on Nov. 1, 2003, and for which no preliminary determination letter had been issued as of Nov. 1, 2003.

the joint returns as part of a fraudulent scheme by such spouses; (6) there were no disqualified assets transferred to the taxpayer by the nonrequesting spouse; and (7) the taxpayer did not file the returns with fraudulent intent. Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448. Respondent concedes that petitioner meets these conditions.

Rev. Proc. 2000-15, sec. 4.03, lists two factors which, if true, the Commissioner treats only as favoring relief: (1) The taxpayer is separated or divorced from the nonrequesting spouse; and (2) the taxpayer was abused by the nonrequesting spouse. Rev. Proc. 2000-15, sec. 4.03, also lists two factors which, if true, the Commissioner treats only as not favoring relief: (3) The taxpayer received significant benefit from the unpaid liability or the item giving rise to the deficiency; and (4) the taxpayer has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates. See Ferrarese v. Commissioner, T.C. Memo. 2002-249.

The Commissioner generally does not consider the absence of factor (1), (2), (3), or (4) in determining whether to grant relief under section 6015(f). Rev. Proc. 2000-15, sec. 4.03. However, on the basis of caselaw deciding whether it was equitable to relieve a taxpayer from joint liability under former section 6013(e)(1)(D), we consider the fact that a taxpayer did

not significantly benefit from the unpaid liability as favoring equitable relief for that taxpayer. See <u>Belk v. Commissioner</u>, 93 T.C. 434, 440-441 (1989); <u>Ferrarese v. Commissioner</u>, <u>supra</u>; <u>Foley v. Commissioner</u>, T.C. Memo. 1995-16; <u>Robinson v. Commissioner</u>, T.C. Memo. 1994-557; <u>Klimenko v. Commissioner</u>, T.C. Memo. 1993-340; <u>Hillman v. Commissioner</u>, T.C. Memo. 1993-151.

Rev. Proc. 2000-15, sec. 4.03, lists the following four factors which, if true, the Commissioner treats as favoring relief, and if not true, as weighing against relief: (5) The taxpayer would suffer economic hardship if relief were denied; (6) in the case of a liability that was properly reported but not paid, the taxpayer did not know and had no reason to know that the liability would not be paid; (7) the liability for which relief is sought is attributable to the nonrequesting spouse; and (8) the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the outstanding liability (weighs against relief only if the requesting spouse has the obligation). Rev. Proc. 2000-15, sec. 4.03, also states that no single factor is controlling, all factors will be considered and weighed appropriately, and the list of factors in Rev. Proc. 2000-15, sec. 4, is not exhaustive.

C. Application of the Factors Listed in Rev. Proc. 2000-15

1. Petitioner's Marital Status

Petitioner was divorced from her former husband when she sought relief. This factor favors petitioner.

2. Spousal Abuse

Petitioner did not allege that there was abuse in her former marriage. Respondent determined that this factor is neutral. We agree with respondent's determination on this point.

3. Significant Benefit

Respondent found this factor favors petitioner, and we agree.

4. Compliance With Tax Laws

This factor was considered neutral since petitioner was in compliance.

5. Economic Hardship

Respondent determined that because petitioner had remarried, this factor was not present. We disagree. There is no question that apart from any support from her current husband the liability would cause petitioner significant hardship, and petitioner provided sufficient information to the Appeals officer to show her liabilities significantly exceeded her assets. We find that economic hardship is a significant favorable factor for petitioner because payment of the underlying liabilities would prevent petitioner from paying reasonable basic living expenses

- 9 -

from her own assets.  See sec. 301.6343-1(b)(4)(i), Proced. &
Admin. Regs.  We find respondent's assertion without any evidence
to be nonpersuasive in overcoming the prima facie case made by
petitioner in Appeals.

      6.  <u>Knowledge or Reason To Know</u>

Petitioner admits she knew the tax liabilities would not be
paid.  She was in a disadvantageous position to cause the payment
of the liabilities, however.  Her husband completely controlled
the income from his business, and we find petitioner's testimony
that she had no direct access to the business receipts to be
credible.  Accordingly, while this factor is disadvantageous to
petitioner, under the limited circumstances of this case we do
not find this determination to be fatal to petitioner's claim for
relief.

      7.  <u>Whether the Underpayment of Tax Is Attributable to
the Ex-Spouse</u>

Respondent finds this factor favorable to petitioner, and we
agree.

      8.  <u>Legal Obligation To Pay</u>

Because there is no such obligation, this factor is neutral.

D.  <u>Conclusion</u>

Because we find economic hardship and a lack of significant
benefit from the income subject to tax, we are compelled to
conclude respondent has abused his discretion in denying relief
on the facts of this case.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.