T.C. Summary Opinion 2011-98


UNITED STATES TAX COURT



WILLIAM GERARD PEARCE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6053-09S.                    Filed July 26, 2011.


William Gerard Pearce, pro se.

<u>John R. Bampfield</u>, for respondent.


HAINES, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

this opinion shall not be treated as precedent for any other case.

This proceeding was commenced under section 6015 for review of respondent's determination that petitioner is not entitled to relief from joint and several liability with respect to an understatement of Federal income tax reported on a joint Federal income tax return filed for 2004.

## Background

The parties' stipulation of facts and supplemental stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Tennessee when he filed his petition.

On August 23, 2006, respondent received petitioner and his former spouse's 2004 joint income tax return (the joint return). On Schedule A, Itemized Deductions, petitioner and his former spouse claimed a deduction of $27,200 for State and local income taxes paid. As a result, petitioner and his former spouse claimed a refund of $4,379. Petitioner's reported wages in 2004 were $27,200, the exact amount also reported as State and local income taxes paid. Petitioner's former spouse prepared the joint return. Petitioner did not review the joint return, and neither petitioner nor his former spouse signed it.

On September 15, 2006, respondent sent petitioner and his former spouse a letter informing them that the joint return was

not signed and a declaration requiring their signatures was needed to remedy their initial failure to sign. The declaration stated:

> Under penalties of perjury, I declare that I have examined the return (including any accompanying schedules and statements) referred to in this letter and, to the best of my knowledge and belief, it is true, correct, and complete.

Petitioner and his former spouse signed the declaration, but petitioner again did not examine the joint return before signing. Petitioner was aware at the time he signed the declaration that Tennessee did not have a State income tax.

Petitioner unsuccessfully attempted to contact the Internal Revenue Service (IRS) to ask when a refund check for 2004 would arrive. On October 27, 2006, respondent issued a refund check for $4,379 to petitioner and his former spouse. Despite petitioner's former spouse's request that the refund check be sent to her mother's home, it was sent to the home petitioner and his former spouse shared in 2006. Petitioner did not receive the refund check. However, on November 10, 2006, petitioner's former spouse deposited the refund check in their joint bank account. Petitioner's former spouse used the proceeds of the refund check for her benefit in small increments throughout November and December 2006. Petitioner believed the joint bank account was an "empty account" during that time because petitioner and his former spouse were working through mediation in their divorce proceedings. On July 16, 2008, the

Circuit Court of Tennessee for the 30th Judicial District of Memphis issued a final decree of divorce between petitioner and his former spouse.

On December 17, 2007, respondent issued Form 4549, Income Tax Examination Changes, disallowing the $27,200 State and local income tax deduction. Respondent further issued a notice of deficiency on February 11, 2008, determining a deficiency in income tax against petitioner and his former spouse of $2,670. On February 27, 2008, petitioner signed Form 8857, Request for Innocent Spouse Relief, requesting relief from the deficiency.

On December 11, 2008, respondent issued a final Appeals determination letter denying petitioner's request for relief from joint and several liability. Petitioner filed a timely petition with this Court challenging respondent's determination.

### Discussion

Generally, when a husband and wife file a joint Federal income tax return, they are jointly and severally liable for the full amount of the tax. Sec. 6013(d)(3); <u>Butler v. Commissioner</u>, 114 T.C. 276, 282 (2000). However, a spouse may qualify for relief from joint and several liability under section 6015(b), (c), or (f) if various requirements are met. Petitioner contends he qualifies for full relief from joint liability under section 6015(b) and (c), and if not, that he is entitled to equitable relief under section 6015(f).

A. Relief From Joint and Several Liability Under Section 6015(b)

Section 6015(b)(1) authorizes the Commissioner to grant relief from joint and several liability for tax (including interest, penalties, and other amounts) if the taxpayer requesting relief satisfies each of the following five requirements of subparagraphs (A) through (E):

(A) a joint return has been made for a taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election * * *

The requesting spouse bears the burden of proving that he satisfies each of these five requirements. See Rule 142(a); Jonson v. Commissioner, 118 T.C. 106, 113 (2002), affd. 353 F.3d 1181 (10th Cir. 2003). If the requesting spouse fails to meet any one of the five requirements, he fails to qualify for relief. Alt v. Commissioner, 119 T.C. 306, 313 (2002), affd.

101 Fed. Appx. 34 (6th Cir. 2004). Respondent does not dispute that petitioner satisfies two requirements of section 6015(b)(1); namely, those regarding the filing of a joint return and making a timely election under section 6015(b)(1)(A) and (E), respectively. Thus, we must consider whether petitioner satisfies the remaining three requirements of section 6015(b)(1).

The first requirement, in section 6015(b)(1)(B), is that an understatement of tax be attributable to erroneous items of the other person filing the joint return. The joint return claimed a deduction for $27,200 of State and local income tax that was not due or paid. This deduction was for the exact amount petitioner reported as wages in 2004. Accordingly, the deduction is attributable to him. Further, petitioner signed the declaration stating under penalties of perjury that he had examined the joint return and to the best of his knowledge and belief it was true, correct, and complete. Because each of the five requirements of the statute must be satisfied for relief, petitioner is not eligible for relief from joint and several liability under section 6015(b)(1) and we need not consider the other requirements.

B. Relief From Joint and Several Liability Under Section 6015(c)

Petitioner further claims eligibility for relief under section 6015(c). Under section 6015(c), if the requesting

spouse is no longer married to, or is legally separated from, the spouse with whom he filed the joint return, the requesting spouse may elect to limit his liability to the deficiency properly allocable to him. As discussed above, the $27,200 State and local income tax deduction is allocable to petitioner. Accordingly, petitioner is not eligible for relief from joint and several liability under section 6015(c).

C. Relief From Joint and Several Liability Under Section 6015(f)

Relief may be granted from joint and several liability under section 6015(f) if "(1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and (2) relief is not available to such individual under subsection (b) or (c)". This Court has jurisdiction to determine whether a taxpayer is entitled to equitable relief under section 6015(f). Sec. 6015(e)(1)(A); see also Farmer v. Commissioner, T.C. Memo. 2007-74. Our determination is made in a trial de novo. Porter v. Commissioner, 130 T.C. 115, 117 (2008).

The Commissioner prescribed procedures in Rev. Proc. 2003-61, 2003-2 C.B. 296, that IRS personnel must use to determine whether a requesting spouse qualifies for relief under section 6015(f). According to Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297-298, a requesting spouse must satisfy seven

conditions (threshold conditions) before the Commissioner will consider a request for relief under section 6015(f). The threshold conditions of this section are stated in the conjunctive, and each condition must be satisfied for the spouse to be eligible for relief under section 6015(f). Id. The parties do not dispute that the first six threshold conditions have been satisfied.[2]

The final threshold condition, as set forth in Rev. Proc. 2003-61, sec. 4.01(7), 2003-2 C.B. at 297-298, is that the income tax liability from which the requesting spouse seeks relief must be attributable to an item of the nonrequesting spouse, unless one of four enumerated exceptions applies.[3] As discussed above, the deduction of $27,200 for State and local income taxes is attributable to petitioner. Petitioner does not qualify for any of the enumerated exceptions. Accordingly,

_____

[2]The first six threshold conditions require that: (1) The requesting spouse file a joint return for the year at issue; (2) relief not be available under sec. 6015(b) or (c); (3) the requesting spouse apply for relief no later than 2 years after the date of the IRS' first collection activity after July 22, 1998, with respect to the requesting spouse; (4) no assets be transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse not transfer disqualifying assets to the requesting spouse; and (6) the requesting spouse not file or fail to file the return with fraudulent intent. Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297.

[3]The four exceptions are: (1) Attribution due solely to the operation of community property law; (2) nominal ownership; (3) misappropriation of funds; and (4) abuse not amounting to duress. Id. sec. 4.01(7), 2003-2 C.B. at 297-298.

petitioner has failed to meet the threshold conditions for consideration for relief from joint and several liability pursuant to section 6015(f).

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.