T.C. Summary Opinion 2007-124


UNITED STATES TAX COURT


VICTORIA K.M. FREULICH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21827-05S.          Filed July 23, 2007.


Victoria K.M. Freulich, pro se.

Robert V. Boeshaar, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined for 2003 a deficiency in petitioner's Federal income tax of $505 and an accuracy-related penalty of $101. Petitioner concedes the deficiency and penalty in this case. The issues for decision are whether petitioner is entitled to relief under section 6015(b) or (c) and whether respondent's determination that petitioner is not entitled to relief under section 6015(f) is an abuse of discretion.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Auburn, Washington.

Petitioner and her husband, now deceased, electronically filed a joint Form 1040, U.S. Individual Income Tax Return, for 2003. Petitioner worked as a cook for the Muckleshoot Indian Nation Casino (Casino), where she also gambled. In 2003, petitioner won $5,000 at the Casino for which she received a Form W2-G, Certain Gambling Winnings. The gambling winnings were deposited into petitioner and her husband's joint bank account. She did not report the income to her return preparer.

During 2003, petitioner also failed to report as income interest of $27 and dividends of $17.

Petitioner's husband passed away on September 19, 2004. Petitioner filed her Form 12510, Questionnaire for Requesting

Spouse (Used in Conjunction with Form 8857, Request for Innocent Spouse Relief) on May 22, 2006. Respondent evaluated her request for relief and determined that petitioner is not entitled to relief from joint and several liability for the deficiency and penalty.

## Discussion

Relief From Joint and Several Liability Under Section 6015

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). A spouse may seek relief from joint and several liability under section 6015(b), or if eligible, may allocate liability for the item giving rise to the deficiency under section 6015(c).

Where an individual elects to have section 6015(b) or (c) apply, or in the case of an individual who requests equitable relief under section 6015(f), section 6015(e) gives jurisdiction to the Court "to determine the appropriate relief available to the individual under this section".

Except as otherwise provided in section 6015, the taxpayer bears the burden of proof to show her entitlement to relief. Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).

Relief Under Section 6015(b)

Section 6015(b) provides relief from joint and several liability for tax (including interest, penalties, and other amounts) to the extent that such liability is attributable to an understatement of tax.  To be eligible for relief, the requesting spouse must satisfy the following five elements of section 6015(b)(1):

> (A) A joint return has been made for a taxable year;
>
> (B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;
>
> (C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;
>
> (D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and
>
> (E) the other individual [makes a valid election] * * *.

Respondent concedes that petitioner has satisfied the requirements under subparagraphs (A) and (B) of section 6015(b)(1).  At issue are the requirements under subparagraphs (C), (D), and (E) of section 6015(b)(1).

Although there is, under section 6015(b)(1)(B), an understatement of tax attributable to the erroneous items[1] of "one individual", petitioner, "the other individual", her deceased husband, would be the one entitled to make the election under section 6015(b)(1)(E), not petitioner. In addition, under section 6015(b)(1)(C), the requesting spouse must establish that in signing the return, he or she did not know or have reason to know of the understatement.

Petitioner agrees that she knew that she had received the gambling winnings and omitted interest and dividend income. Petitioner contends, merely, that she "forgot to include the items on her return."

Where a spouse seeking relief has actual knowledge of the underlying transaction that produced the omitted income, innocent spouse relief is denied. Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

Since the items that were omitted were the income items of petitioner herself, it would not be inequitable to hold her liable for the understatement under section 6015(b)(1)(D).

The Court finds that petitioner has failed to satisfy the requirements of section 6015(b)(1)(C), (D), and (E). Therefore, petitioner is not entitled to relief under section 6015(b).

---

[1]See sec. 1.6015-1(h)(4), Income Tax Regs., Erroneous Item.

Relief Under Section 6015(c)

Section 6015(c) allows proportionate tax relief (if a timely election is made) through allocation of the deficiency between individuals who filed a joint return and are no longer married, are legally separated, or have been living apart for a 12-month period.

Petitioner's husband passed away before she received the statutory notice of deficiency and filed her election for relief under section 6015.  A widow or widower is treated as a taxpayer who is no longer married.  See Jonson v. Commissioner, 118 T.C. 106, 124 (2002), affd. 353 F.3d 1181 (10th Cir. 2003). Therefore, petitioner is eligible to elect the application of section 6015(c).

Relief under section 6015(c), however, is not available if respondent demonstrates that the requesting spouse had actual knowledge, at the time the return was signed, of any item giving rise to a deficiency (or portion thereof) that is not allocable to such individual.  Sec. 6015(c)(3)(C); Hopkins v. Commissioner, 121 T.C. 73, 86 (2003); Cheshire v. Commissioner, supra at 193-194.  The knowledge requirement under section 6015(c)(3)(C) does not require the requesting spouse to possess actual knowledge of the tax consequences arising from the item giving rise to the deficiency.  Hopkins v. Commissioner, supra at 86; Cheshire v. Commissioner, supra at 194; sec. 1.6015-3(c)(2), Income Tax Regs.

Rather, the statute mandates only a showing that the requesting spouse actually knew of the item on the return that gave rise to the deficiency (or portion thereof), without regard as to whether he knew of the tax consequences. Mitchell v. Commissioner, 292 F.3d 800, 805 (D.C. Cir. 2002), affg. T.C. Memo. 2000-332; Cheshire v. Commissioner, supra.

The items giving rise to the deficiency are the gambling winnings and dividend and interest income of petitioner, the actual knowledge of which she admits. Therefore, petitioner is not entitled to relief under section 6015(c).

Relief Under Section 6015(f)

Section 6015(f) grants the Commissioner discretion to relieve an individual, where relief is not available under section 6015(b) or (c), from joint liability if taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency. Sec. 6015(f). A requesting spouse bears the burden of proving that the Commissioner abused his discretion in denying the spouse equitable relief from joint liability under section 6015(f). Jonson v. Commissioner, supra at 114; Cheshire v. Commissioner, supra at 198; Butler v. Commissioner, 114 T.C. 276, 292 (2000).

As previously discussed, petitioner is not entitled to relief under section 6015(b) or (c). The parties dispute whether it is inequitable to hold petitioner liable for the 2003

deficiency.

As contemplated by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61 to be used in determining whether an individual qualifies for relief under that section.[2]  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297, sets forth seven threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).

Condition seven of Rev. Proc. 2003-61, sec. 4.01, requires that the income tax liability from which the requesting spouse seeks relief is attributable to an item of the "nonrequesting spouse", i.e. petitioner's husband, unless one of the enumerated exceptions applies.  None of the exceptions apply to petitioner.

Petitioner is therefore not entitled to relief under section 6015(f).  Respondent's determination that petitioner is not entitled to relief under section 6015(f) is not an abuse of discretion.

---

[2]Rev. Proc. 2003-61, 2003-2 C.B. 296, supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447.  The guidelines set forth in Rev. Proc. 2003-61, supra, are effective for requests for relief filed on or after Nov. 1, 2003, and for requests for relief pending as of Nov. 1, 2003, for which no preliminary determination letter has been issued as of Nov. 1, 2003.  Rev. Proc. 2003-61, sec. 7, 2003-2 C.B. at 299.

The Court holds that respondent did not err in denying petitioner relief from joint and several liability under section 6015(b), (c), and (f) for the amounts set forth in his notice of deficiency dated August 22, 2005.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.