T.C. Memo. 2007-326

UNITED STATES TAX COURT

SUSAN KAY DOWELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22650-05.                    Filed October 30, 2007.

Susan Kay Dowell, pro se.

<u>Steven W. LaBounty</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issue for decision is whether petitioner, pursuant to section 6015,[1] is entitled to innocent spouse relief with respect to her 2000 and 2001 Federal income tax liabilities.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

## FINDINGS OF FACT

Petitioner and Reginald Bracy (Mr. Bracy) were married in 1999 and resided in Salina, Kansas. Petitioner was employed as a hairdresser, and Mr. Bracy worked as an equipment specialist for a food services company. In 2000, petitioner and Mr. Bracy moved to California. While in California, petitioner and Mr. Bracy lived together and struggled to find employment. To help pay living expenses during this period, Mr. Bracy requested a distribution of $19,300 from his individual retirement account (IRA). Mr. Bracy was the only individual authorized to draw upon the account. After receiving the distribution, Mr. Bracy informed petitioner, but he did not tell her the amount of the distribution.

In 2001, petitioner and Mr. Bracy moved back to Kansas, where both found employment. During 2001, petitioner earned wages of $15,363 from three different employers who withheld $1,114 of Federal income tax, and Mr. Bracy earned wages of $18,616 from two employers who withheld $1,748 of Federal income tax. In addition, Mr. Bracy withdrew $10,800 from an IRA.

Petitioner and Mr. Bracy filed their joint Federal income tax return relating to 2000 on March 26, 2001. On this return, they failed to report the $19,300 IRA distribution. Petitioner and Mr. Bracy's joint Federal income tax return relating to 2001 was filed on February 15, 2002. Mr. Bracy signed the return, but

petitioner did not.  Petitioner did, however, intend to file a joint return.  On this return, they reported, but failed to pay, an income tax balance of $823.

Throughout their marriage, Mr. Bracy abused petitioner both physically and emotionally, and on August 20, 2002, they divorced.  Pursuant to the divorce decree, petitioner and Mr. Bracy were each responsible for one-half of their 2001 tax liability.  In a notice of deficiency dated September 3, 2002, respondent determined that petitioner and Mr. Bracy were liable for $6,517 of tax and a $947 section 6662(a) accuracy-related penalty relating to 2000.  Petitioner, on October 7, 2002, paid $411.50 (i.e., half of the 2001 outstanding liability).

On May 23, 2003, petitioner timely sent respondent a Form 8857, Request for Innocent Spouse Relief, relating to 2000 and 2001.  On August 10, 2005, petitioner untimely filed her individual income tax return relating to 2003.  She had refrained from filing the return while trying to settle outstanding issues relating to her and Mr. Bracy's 2000 and 2001 tax liabilities.

On October 20, 2005, respondent issued petitioner a notice of determination denying her request for innocent spouse relief relating to both years.  Respondent denied the 2000 request because he determined that petitioner knew or had reason to know of the source of the understatement, benefited from the income, and would not suffer economic hardship.  Respondent denied the

request relating to 2001 because he determined that petitioner knew or had reason to know of the underpayment, the underpayment was not solely attributable to Mr. Bracy, petitioner knew or had reason to know that Mr. Bracy would not pay his half of the 2001 liability, petitioner had not been in compliance with Federal income tax laws, and payment of the liability would not create economic hardship.

On November 30, 2005, petitioner, while residing in Carthage, Illinois, filed her petition with the Court.

### OPINION

Married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Each spouse filing the return is jointly and severally liable for the accuracy of the return and the entire tax due. Sec. 6013(d)(3). Pursuant to section 6015(a), however, a taxpayer may seek relief from joint liability.

With respect to the 2000 understatement, petitioner contends she is entitled to relief from liability pursuant to section 6015(b), (c), or (f). To qualify for relief pursuant to section 6015(b), the requesting spouse must establish that: A joint return was filed; there was an understatement of tax attributable to erroneous items of the nonrequesting spouse; at the time of signing the return, the spouse seeking relief did not know and had no reason to know of the understatement; the requesting

spouse seeks relief within 2 years of the first collection activity relating to the liability; and, taking into account all the facts and circumstances, it is inequitable to hold the spouse seeking relief liable for the deficiency in tax attributable to the understatement.  Sec. 6015(b)(1).

Section 6015(c) permits a requesting spouse to seek relief from joint liability and elect to allocate a deficiency to a nonrequesting spouse if the following conditions are met:  A joint return was filed; at the time of the election, the requesting spouse was separated or divorced from the nonrequesting spouse; the requesting spouse sought relief within 2 years of the first collection activity relating to the liability; and the requesting spouse did not have actual knowledge, at the time of signing the joint return, of the item giving rise to the deficiency.  Sec. 6015(c)(3).

Mr. Bracy did not tell petitioner the amount of the distribution.  She did, however, sign the return (i.e., which did not report the IRA distribution) after Mr. Bracy told her he had withdrawn funds from his IRA.  Thus, she had actual knowledge of the understatement as well as actual knowledge of the item (i.e., Mr. Bracy's withdrawal from his IRA) that gave rise to the deficiency.  See Cheshire v. Commissioner, 115 T.C. 183, 195 (2000) (stating that the knowledge standard for purpose of section 6015(c)(3)(C) is an actual and clear awareness of the

existence of the item giving rise to the deficiency), affd. 282 F.3d 326 (5th Cir. 2002). Accordingly, petitioner is not entitled to relief from the 2000 liability pursuant to section 6015(b) or (c).

Petitioner contends, in the alternative, that she is entitled to relief pursuant to section 6015(f). Section 6015(f) provides that the Commissioner is granted discretion to award relief from joint and several liability if the facts and circumstances indicate that it would be inequitable to hold the requesting spouse liable for the deficiency. Pursuant to an abuse of discretion standard, we defer to the Commissioner's determination unless it is arbitrary, capricious, or without sound basis in fact. See Washington v. Commissioner, 120 T.C. 137, 146 (2003); Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

Respondent denied petitioner's request for relief relating to 2000. We agree with respondent. Petitioner knew of the distribution, did not establish economic hardship, benefited from the enjoyment of the income, and did not act with reasonable cause and good faith with respect to the filing of her return. Thus, she is not entitled to relief pursuant to section 6015(f).

With respect to 2001, respondent also denied petitioner's request for relief. Rev. Proc. 2003-61, 2003-2 C.B. 296,[2] provides a list of factors that the Commissioner will weigh in making his determination relating to innocent spouse relief, including: Marital status, abuse, significant benefit, the nonrequesting spouse's legal obligation, knowledge or reason to know, compliance with income tax laws, and economic hardship. We address each of respondent's conclusions.

At the time of her request, petitioner was divorced from Mr. Bracy. During the marriage, Mr. Bracy abused petitioner, and she derived no significant benefit from use of the funds giving rise to the 2001 underpayment. In addition, Mr. Bracy had a legal obligation, pursuant to the divorce decree, to pay his half of the 2001 liability. Thus, these factors weigh in petitioner's favor.

Respondent concluded that petitioner knew or had reason to know of the 2001 underpayment. The notice of determination states that petitioner "reviewed the return before signing but said she did not know money was owing, even though it was shown

---

[2] We note that Rev. Proc. 2003-61, 2003-2 C.B. 296, superseded Rev. Proc. 2000-15, 2000-1 C.B. 447. Rev. Proc. 2003-61, supra, is effective for requests for relief under sec. 6015(f) which were filed on or after Nov. 1, 2003, and for requests for such relief which were pending on, and for which no preliminary determination letter had been issued as of, that date. Rev. Proc. 2003-61, sec. 7, 2003-2 C.B. at 299.

on the return." The notice of determination is erroneous because petitioner did not sign the 2001 return. In addition, petitioner was not aware that any tax was due until she filed individual tax returns for later years. Furthermore, Mr. Bracy handled all tax matters for the couple and did not inform petitioner of financial matters. Thus, petitioner did not know, or have reason to know, of the 2001 underpayment.

Respondent concluded that the underpayment was not solely attributable to Mr. Bracy. While both petitioner and Mr. Bracy earned wages during 2001, the notice of determination notes that "She had income of $25,623 but only had withholding of $1,552." In fact, petitioner earned wages of only $15,363 and had $1,114 of Federal income tax withheld. In addition, the notice of determination failed to take into account a $10,800 distribution from Mr. Bracy's IRA. Again, the notice of determination misstates the facts. Respondent correctly concluded, however, that payment of the outstanding liability relating to 2001 would not create an economic hardship for petitioner and that petitioner's failure to file her 2003 income tax return in a timely manner demonstrated a lack of good faith in complying with Federal income tax laws.

Respondent repeatedly misstated facts and failed to properly weigh evidence in making his determination. His determination did not have a sound basis in fact. On balance, the factors

respondent considered weighed in favor of granting petitioner innocent spouse relief.  Respondent abused his discretion in denying petitioner relief from liability, and it would be inequitable to hold petitioner responsible for the liability. Accordingly, she is entitled to relief, pursuant to section 6015(f), from the outstanding balance of the 2001 underpayment.

Contentions we have not addressed are irrelevant, moot, or meritless.

An appropriate decision will be entered.