**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

DAVID C. JONSON, Successor in
Interest, and ESTATE OF BARBARA
J. JONSON, Deceased,

       Petitioners-Appellants,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent-Appellee.

No. 02-9009

## APPEAL FROM A DECISION OF THE UNITED STATES TAX COURT
### (Docket No. 21648-87)

Declan J. O'Donnell of O'Donnell Law Offices, PLLC, Castle Rock, Colorado,
for Petitioner-Appellant.

Robert J. Branman, Attorney, Tax Division (Eileen J. O'Connor, Assistant
Attorney General, and Richard Farber, Attorney, Tax Division, with him on the
brief), Department of Justice, Washington, D.C., for Respondent-Appellee.

Before **MURPHY** , **PORFILIO** , and **HARTZ** , Circuit Judges.

**HARTZ** , Circuit Judge.

This appeal presents the fearsome twosome of death and taxes with a new twist. A decedent's estate contends that the decedent's death freed her estate of income taxes due for a tax year long preceding her death.

Under the Internal Revenue Code's innocent-spouse provision, relief from the joint and several liability that generally follows from filing a joint income-tax return may be available to a spouse who is no longer married to or is legally separated from the culpable spouse, or who has not lived with that spouse for one year. *See* 26 U.S.C. § 6015(c). Here, the estate of Barbara Jonson (the Estate) seeks relief under this provision. Barbara was happily married to David Jonson at the time of her death, but the Estate filed an election for innocent-spouse treatment several years later, claiming that Barbara was no longer married to David and had not been living with him for the year prior to the election. We agree with the Tax Court that the Estate is not entitled to relief under § 6015(c).

## I.    BACKGROUND

Barbara Jonson and her husband David filed joint income-tax returns in 1981 and 1982. On the returns they claimed deductions attributable to David's limited partnership interest in Vulcan Oil Technology. On April 14, 1987, the Commissioner of Internal Revenue issued a notice of deficiency attributable to the Vulcan Oil Technology deductions. The Jonsons filed a petition in the United States Tax Court to contest the deficiencies. They later amended their

petition so that Barbara could seek innocent-spouse relief under the then applicable innocent-spouse provision, 26 U.S.C. § 6013(e). After a test case concerning similar partnerships was decided, the parties stipulated that the Jonsons were liable for the deficiencies, subject to a possible innocent-spouse defense.

At all pertinent times the Jonsons were residents of Colorado. Barbara died on March 16, 1996. On June 13, 2000, David Jonson, acting as the personal representative of the Estate, submitted a request for relief under the amended innocent-spouse statute, 26 U.S.C. § 6015. The Tax Court ultimately held that Barbara was not entitled to innocent-spouse relief. *Jonson v. Comm'r*, 118 T.C. 106, 2002 U.S. Tax Ct. LEXIS 6 (2002). It reasoned that the Estate was not eligible under § 6015(c) because Barbara did not satisfy the eligibility requirements prior to her death. *Id.* at \*33. On appeal the Estate does not dispute that the deductions were improper, but argues that the Tax Court erred in concluding that Barbara did not qualify under § 6015(c). (The Tax Court also denied the Estate's claims for innocent-spouse relief under § 6015(b) and (f). Those denials are not challenged on appeal.)

We exercise jurisdiction under 26 U.S.C. § 7482 and affirm.

## II.    DISCUSSION

Generally, when a married couple files a joint tax return, their liability for the tax is joint and several.  26 U.S.C. § 6013(d)(3).  Under 26 U.S.C. § 6015, however, eligible individuals who filed joint returns may avoid this general rule by seeking innocent-spouse treatment.  An individual eligible for relief under § 6015(c) is not liable for the unpaid taxes to the extent that they are attributable to the income earned by, or the deductions improperly taken by, the other spouse. *See* 26 U.S.C. § 6015 (c)-(d).

An individual is eligible to elect innocent-spouse treatment under § 6015(c) if:

> (I) at the time such election is filed, such individual is no longer married to, or is legally separated from, the individual with whom such individual filed the joint return to which the election relates; or
>
> (II) such individual was not a member of the same household as the individual with whom such joint return was filed at any time during the 12-month period ending on the date such election is filed.

26 U.S.C. § 6015(c)(3)(A)(i).  (If, however, the government proves that the electing individual had knowledge of the item giving rise to the tax deficiency, the election is not valid.  *See id.* § 6015(c)(3)(C); *Mitchell v. Comm'r*, 292 F.3d 800, 804-06 (D.C. Cir. 2002).)

The tax court concluded that the Estate was not entitled to relief under § 6015(c). *Jonson*, 2002 U.S. Tax Ct. LEXIS at *33.  "We review the Tax

-4-

Court's factual findings under the clearly erroneous standard and purely legal questions de novo." *LDL Research & Development II, Ltd. v. Comm'r*, 124 F.3d 1338, 1342 (10th Cir. 1997).

The Estate argues that it is entitled to relief under both § 6015(c)(3)(A)(i)(I) and (II). It observes that, under Colorado law, death ends marriage. Accordingly, in the Estate's view, Barbara became entitled to innocent-spouse relief under § 6015(c)(3)(A)(i)(I) on the date of her death, both because she was no longer married to David and because she was legally separated from him. In addition, since the election was filed more than twelve months after Barbara's death, the Estate claims that it is entitled to innocent-spouse relief under § 6015(c)(3)(A)(i)(II) because she was not a member of the same household as David for the twelve-month period ending on the date the election was filed. Noting that it has authority to act on Barbara's behalf, the Estate contends that it properly sought the innocent-spouse relief to which Barbara is entitled.

We agree that David and Barbara's marriage terminated upon Barbara's death. *See, e.g., In re Marriage of Connell*, 870 P.2d 632, 633-34 (Col. Ct. App. 1994) (divorce action abates upon death of one of the spouses because "'the object sought to be attained by final decree already is accomplished by the prior death of one of the parties, and there remains no status of marriage upon which a final decree of divorce may operate'" (quoting *Estate of McLaughlin v. Craig*,

184 P.2d 130, 132 (Colo. 1947))). We likewise agree that Barbara was not a member of David's household during the twelve-month period preceding the filing of the § 6015(c) election. It is also true, however, that Barbara ceased to be an individual once she had died, so that there was no one to which § 6015(c) could apply.

Section 6015(c) requires that the "individual is no longer married to, or legally separated from" the other person or that the "individual was not a member of the same household" as the other person during the required period. Because the Internal Revenue Code does not define the word "individual," we interpret it "in accordance with its ordinary, everyday meaning." *United States v. New Mexico*, 536 F.2d 1324, 1328 (10th Cir. 1976). The dictionary definition of "individual" that fits the present context is: "A human being regarded separately from a group or from society." Webster's II New College Dictionary 565 (2001). When the word "individual" is used elsewhere in the Internal Revenue Code, the context almost always compels it to be construed to mean a human being. *See, e.g.*, 26 U.S.C. § 1(a), (c) (discussing married and unmarried individuals); *see also* Robert Atkins Walker & Chad E. Turner, *Gold at the End of the Rainbow: Medical Expenses and Below-Market-Rate Loans in Continuing Care Retirement Communities*, 18 Va. Tax. Rev. 1, 30 n.130 (1998) ("The Internal Revenue Code does not define 'individual' per se, but in every reference we have seen, it refers

to a human being."). *But cf.* 26 U.S.C. § 2031(c)(8)(C) ("An individual is described in this subparagraph if such individual is . . . the decedent."). Here, the meaning is inescapable. When § 6015(c) speaks of an "individual" in terms of being married or legally separated or belonging to a household, the statute is surely speaking of a living person. Accordingly, when the Estate filed for relief under § 6015(c), Barbara was not an "individual" and it was not true of Barbara that "such individual [Barbara] is no longer married to, or is legally separated from, the individual [David] with whom such individual filed the joint return . . . ." 6015(c)(3)(A)(i)(I). Likewise for § 6015(c)(3)(A)(i)(II).

If Barbara were the surviving spouse, one could say that she is an individual who is no longer married to (or in the same household as) the individual, David. In that circumstance, to say that she is no longer married to (or living with) David would imply only that there once was such an individual (David), not that there still is. But here Barbara is the decedent. And at no time when Barbara was a living person (and therefore an "individual") could it have been said that she, an individual, "is no longer married to" David or "was not a member of the same household as" David.

We recognize that an estate can often act on behalf of the decedent for tax purposes. But the estate can do so only when it can engage in the conduct otherwise required of the decedent. Here, for example, the Estate could perform

-7-

the filing of the election under § 6015(c). But it could not satisfy the condition of being "no longer married to" David or "not [being] a member of the same household as" David. Therefore, the Estate's filing could not qualify for innocent-spouse relief under the statute.

## III. CONCLUSION

Because there is no "individual" involved in this matter who has been eligible for innocent-spouse treatment, we AFFIRM the Tax Court's ruling.