T.C. Summary Opinion 2004-145


UNITED STATES TAX COURT


DAWN E. GILES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11105-03S.          Filed October 21, 2004.


Dawn E. Giles, pro se.

Frank W. Louis, for respondent.


PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined that petitioner was not eligible for section 6015 relief from joint and several liability for 1995 and 1997.

After a concession by respondent as to petitioner's entitlement to section 6015 relief for 1997, the issue for decision is whether petitioner also is entitled to section 6015 relief from joint and several liability for 1995.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in East Greenwich, Rhode Island, at the time she filed her petition.

Petitioner separated from her husband, David Giles (Mr. Giles), in 1995. Their divorce was final in 1998.

For 1995, petitioner and Mr. Giles jointly filed a Form 1040, U.S. Individual Income Tax Return. Mr. Giles was an insurance adjuster, and petitioner was a marketing director. On their Form 1040, petitioner and Mr. Giles reported $136,375 (rounded) in wage income. The Forms W-2, Wage and Tax Statement, attached to the Form 1040, reflected income of $119,233.18 for Mr. Giles and $17,142.09 for petitioner.

Petitioner's actual income for 1995 was $47,652.08 as shown on the two Forms W-2 issued by her employer. This $30,509.99 omission of petitioner's income, shown on one of the Forms W-2, gave rise to the tax liability for 1995.

On November 26, 1997, respondent issued to petitioner and

Mr. Giles a notice of deficiency for taxable year 1995. Respondent determined a deficiency for 1995 of $9,004 and an accuracy-related penalty of $1,060.

Thereafter, pursuant to their divorce decree, petitioner and Mr. Giles agreed that they will share their Federal and State tax liabilities "in the same ratio as their respective incomes contributed to their gross income."

On July 1, 1999, petitioner submitted a Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), to respondent.

On April 30, 2001, respondent denied petitioner's Request for Innocent Spouse Relief.

On April 11, 2003, respondent issued to petitioner a Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 (notice of determination). In the notice of determination, respondent determined that petitioner was ineligible for relief under section 6015(b), (c), and (f).

In her petition and amended petition, petitioner contends that Mr. Giles filed their joint tax return for 1995, which contained errors, and that Mr. Giles signed petitioner's name on the return.

Section 6013(d)(3) provides that spouses filing a joint Federal income tax return are jointly and severally liable for

the tax due.  Section 6015(a) prescribes the procedures under which an individual who has made a joint return may seek relief from joint and several liability.  An individual may seek relief under section 6015(b), (c), or (f).

We first address whether petitioner is eligible for relief under section 6015(b).  Section 6015(b)(1) generally provides relief for an individual from joint liability for an understatement of tax, if specific requirements are met.  Relevant is section 6015(b)(1)(C), which requires that "the other individual filing the joint return establishes that in signing the return he or she did not know, or had no reason to know, that there was such understatement".  Section 6015(b)(2) provides apportionment of relief to an individual who would be entitled to relief but for section 6015(b)(1)(C) if the individual "did not know, and had no reason to know, the extent of such understatement".

Petitioner stated that Mr. Giles prepared and filed their joint tax return for 1995.  Petitioner also stated that she received two separate Forms W-2 from her employer for 1995 and that, without her knowledge, Mr. Giles failed to include the income from one of the Forms W-2 on their 1995 tax return.  Petitioner claims that Mr. Giles accepted responsibility for the omission of petitioner's income and that Mr. Giles assured her that, in petitioner's words, "he would take care of it".

In her July 10, 1997, written response to respondent's request for information about the 1995 tax return, petitioner conceded that "I acknowledge signing the returns myself, and not giving actual work and numbers any close scrutiny." In her Request for Innocent Spouse Relief, petitioner stated that "I signed the return without checking it for accuracy." Yet, in her petition and amended petition, petitioner contended that Mr. Giles had signed her name on the tax return. At trial, petitioner stated that the spouse's signature on the 1995 return was not hers. Petitioner later stated that she could not remember whether or not she had signed the 1995 tax return. Petitioner further stated that she did not examine the 1995 tax return before it was filed.

Petitioner's statements regarding whether or not she signed the 1995 return were inconsistent. It was not until she filed her petition on July 7, 2003, that petitioner claimed that she did not sign the 1995 tax return. The only consistency in petitioner's statements as to the 1995 tax return was that she did not review the return prior to its filing. On this record, we find that petitioner signed the 1995 joint tax return.

On these facts, we conclude that petitioner knew or had reason to know about the understatement of tax and the extent of such understatement. Accordingly, we sustain respondent's determination as to petitioner's ineligibility for relief under

section 6015(b).

We next address whether petitioner is eligible for relief under section 6015(c).  Section 6015(c) provides for allocation of tax liability between the joint filers.

Petitioner received two Forms W-2 for taxable year 1995, one of which was omitted from the 1995 tax return.  Thus, the deficiency for taxable year 1995 arose from the omission of petitioner's income.

On these facts, we conclude that any allocation of tax liability would be to petitioner.  Accordingly, we sustain respondent's determination that petitioner is ineligible for relief under section 6015(c).

Finally, we address whether petitioner is eligible for relief under section 6015(f).  Section 6015(f) provides for equitable relief, at the Secretary's discretion, if relief under section 6015(b) and (c) is not available.  Thus, we review respondent's denial of equitable relief under an abuse of discretion standard.  Butler v. Commissioner, 114 T.C. 276, 292 (2000).  Petitioner bears the burden of proving that respondent abused his discretion in denying equitable relief under section 6015(f).  Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

Rev. Proc. 2000-15, 2000-1 C.B. 447, describes the procedures for determining eligibility for equitable relief under

section 6015(f).  Rev. Proc. 2000-15, supra, applies to requests for equitable relief with respect to any liability for tax arising on or before July 22, 1998, that was unpaid on that date. Rev. Proc. 2000-15, sec. 3, 2000-1 C.B. at 448.

Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, lists the threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  We find that petitioner has satisfied the threshold conditions.

Rev. Proc. 2000-15, sec. 4.02, 2000-1 C.B. at 448, lists the circumstances under which equitable relief will ordinarily be granted.  Rev. Proc. 2000-15, sec. 4.02(2)(b) provides that "Relief will only be available to the extent that the unpaid liability is allocable to the nonrequesting spouse."  The unpaid liability for taxable year 1995 arose from the omission of petitioner's income.  Thus, petitioner does not qualify for equitable relief under section 4.02.

Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448-449, in relevant part, provides a nonexhaustive list of positive and negative factors for determining whether to grant equitable relief to a requesting spouse who does not qualify for relief under section 4.02.

We find that the factors overwhelmingly weigh against relief.  First, the unpaid liability arose from an omission of

income attributable to petitioner.  Attribution to the nonrequesting spouse weighs in favor of relief and attribution to the requesting spouse weighs against relief.  Rev. Proc. 2000-15, sec. 4.03(1)(f), (2)(a), 2000-1 C.B. at 449.  Second, petitioner admitted that she did not review the joint return prior to filing.  Thus, petitioner knew or had reason to know of the omission of her income.  Rev. Proc. 2000-15, sec. 4.03(1)(d), (2)(b), 2000-1 C.B. at 449.  Lastly, petitioner had a legal obligation pursuant to her divorce decree to pay the liability. Rev. Proc. 2000-15, sec. 4.03(2)(f).

On these facts, we conclude that respondent did not abuse his discretion in denying petitioner's request for equitable relief.  Accordingly, we sustain respondent's determination that petitioner is ineligible for relief under section 6015(f).

We note the following two adjustments to the 1995 tax liability.  On April 15, 1999, respondent applied an overpayment of $2,557 from petitioner's 1998 income tax return to the joint tax liability from 1995.  On June 21, 2000, respondent allowed $1,019 as an itemized deduction for State income tax paid for 1995, which resulted in an abatement of $316.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155</u>.