T.C. Memo. 2008-91

UNITED STATES TAX COURT


ANDREW MCCOY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5777-06.              Filed April 9, 2008.


Andrew McCoy, pro se.

<u>Orsolya Kun</u> and <u>Peggy J. Gartenbaum</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  By notice of deficiency dated January 5, 2006 (the notice), respondent determined deficiencies in, additions to, and a penalty with respect to petitioner's Federal income taxes as follows:

| | | Additions to Tax/Penalty | | | |
|---|---|---|---|---|---|
| <u>Year</u> | <u>Deficiency</u> | <u>Sec. 6651(a)(1)</u> | <u>Sec. 6651(a)(2)</u> | <u>Sec. 6654</u> | <u>Sec. 6662</u> |
| 1999 | $17,270.00 | $3,885.75 | $4,317.50 | $835.78 | -- |
| 2000 | 14,615.00 | 3,288.38 | 3,653.75 | 780.65 | -- |
| 2002 | 1,046.00 | -- | -- | -- | $209.20 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent has conceded the deficiency in tax and the section 6662 penalty with respect to 2002. The issues remaining for decision are: (1) Whether respondent is barred from assessing tax for 1999 and 2000 on account of the running of the period of limitations on assessment for those years; and (2) if not, whether respondent is estopped from pursuing petitioner's liabilities for those years because of his written and oral communications with petitioner.

FINDINGS OF FACT[1]

---

[1] In part, Rule 151 provides as follows:

RULE 151. BRIEFS

(e) Form and Content: * * *

     *      *      *      *      *      *      *

(3) * * * In an answering or reply brief, the party shall set forth any objections, together with the reasons therefor, to any proposed findings of any other party, showing the numbers of the statements to which the objections are directed; in addition, the party may set forth alternative proposed findings of fact.

At the conclusion of the trial, the Court directed petitioner to Rule 151 and its requirements with respect to briefs. Petitioner has filed an answering brief, but he has failed to set forth objections to respondent's proposed findings of fact. Accordingly, we must conclude that petitioner has conceded respondent's proposed findings of fact as correct except to the extent that respondent has failed to direct us to any evidence in the record supporting those proposed findings or those findings are clearly inconsistent with either evidence in the record or petitioner's proposed findings of fact that we do not disregard. See, e.g., Jonson v. Commissioner, 118 T.C. 106,

(continued...)

Some of the facts have been stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.

Petitioner resided in the State of Washington at the time the petition was filed.

Petitioner is a calendar year taxpayer. He timely filed a Form 1040, U.S. Individual Income Tax Return, for 2002. In March 2004, respondent selected that return for audit. The audit process revealed that petitioner had failed to file returns for 1999 and 2000. The audit was extended to those years. On October 18, 2004, respondent issued to petitioner a notice CP-2005 (the closing notice). The identifying information at the top of the closing notice references: "TAX FORM: 1040 TAX YEAR: 2002". In pertinent part, the body of the closing notice reads as follows:

CLOSING NOTICE

Thank you for providing us with additional information about the issue we recently wrote to you about. We are pleased to tell you that, with your help, we were able to clear up the differences between your records and your payers' records. If you sent us a payment based on our proposed changes, we will refund it to you if you owe no other taxes or have no other debts the law requires us to collect.

If you have already received a notice of deficiency, you may disregard it. You won't need to file a petition with the United States Tax Court to reconsider the tax you owe. If you have already filed a petition, the Office of the District Counsel will contact you on the final closing of this case.

_____

[1](...continued)
108 n.4 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

The audit for 1999 and 2000 was assigned to respondent's Revenue Agent Andrew D. Menck.  Petitioner participated in the audit for 1999 and 2000.  He set forth his position relative to respondent's adjustments and provided pertinent documents and information.  On January 11, 2005, petitioner submitted to respondent a 1999 Federal income tax return.

OPINION

I.  Introduction

By amended petition, petitioner assigns error to the determinations in the notice as follows:

> I request that the US Tax Court dismiss the IRS's claims that I owe additional tax for the tax years listed above and that the court grant me relief from future IRS collection activities for the above tax years for the following reasons:
> 1)  The IRS reviewed my 2002 return, and I provided additional detailed information to the IRS.  On 10/18/2004, the IRS issued me a Closing Notice for Tax Year 2002 which clearly stated that I do not owe any additional tax and instructed me to ignore any Notice of Deficiency.  The Closing Notice also informed me that I do not need to petition the Tax Court to reconsider any tax that I owe.  I reasonably relied on this letter.
> 2)  The IRS ignored their own Closing Notice and improperly expanded their examination of my Tax Year 2002 return to 1999 and 2000.  These years are clearly beyond the statutory limits for bringing a case against me.

Petitioner assigns no error to respondent's adjustments giving rise to the deficiencies, nor does he assign error to respondent's determinations of additions to tax or penalty.  Issues not raised in the assignments of error are deemed

conceded.  See Rule 34(b)(4).[2]  Petitioner raises the affirmative defenses of statute of limitations and estoppel.  See Rule 142(a).

## II.  Period of Limitations

Section 6501(a) sets forth the general rule that a tax shall be assessed within 3 years after the return was filed (whether or not that return was filed on or after the date prescribed).  The period of limitations is suspended during the pendency of a case to redetermine a deficiency in court.  See sec. 6503(a)(1).  If no return is filed, the tax may be assessed at any time.  See sec. 6501(c)(3).  Petitioner has failed to prove that assessment of tax for 1999 or 2000 is barred by section 6501(a).  Petitioner proposed no findings of fact relative to his timely filing of a return for either 1999 or 2000.  There is no evidence in the record that petitioner filed a return for 2000.  With respect to 1999, the parties have stipulated that, during the audit process, petitioner submitted to the Internal Revenue Service (IRS) a Form 1040, U.S. Individual Income Tax Return, for that year.  The return shows that it was received by the IRS on January 11, 2005. It is, however, dated February 15, 2000.  Petitioner offers nothing corroborating that it was mailed to the IRS or otherwise submitted any earlier than January 11, 2005.  We need not, and do

---

[2]  The rule of concession found in Rule 34(b)(4) extends to additions to tax and penalties, notwithstanding that, pursuant to sec. 7491(c), in the case of individuals, the Secretary bears the burden of production in any court proceeding with respect to such amounts.  Swain v. Commissioner, 118 T.C. 358, 363 (2002).

not, accept petitioner's uncorroborated claim that his return was received by the IRS any earlier than January 11, 2005. See Estate of Price v. Commissioner, T.C. Memo. 1984-613 ("In those relatively few cases where a return is purportedly mailed but never received, some courts have presumed receipt and subsequent loss by respondent's employees, where sufficiently precise proof is provided as to the mailing of a missing tax return."). Petitioner has failed to prove that he filed any return for 2000 or that he filed a return for 1999 before January 11, 2005. In either case his affirmative defense of the statute of limitations fails. Respondent is not barred from assessing tax for either 1999 or 2000.

III. Estoppel

Petitioner does not by name raise a defense of estoppel. Nevertheless, considering the nature of his claim, we think he raises that defense. "My argument presented at trial is that Respondent cannot arbitrarily expand an audit that it has already closed to include previous tax years." Petitioner relies in particular on the closing notice to preclude any further collection action by respondent:

> What is at issue is that the CLOSING NOTICE was indeed the end of the tax year 2002 audit, and Respondent is attempting [to] grant itself new powers to improperly not only re-open, but also expand the closed 2002 audit as a means to audit me for 1999 and 2000 after it had already sent the CLOSING NOTICE for that audit.

He also relies on telephone calls with IRS employees assuring him "that I didn't owe tax for 2002 or previous tax years, and that the matter was closed and that once the IRS has issued a closing

notice there's no way to expand an IRS audit to include previous years."  He claims a detriment:

> Respondent's oral and written communications assuring me that my case was closed and instructing me to 'ignore any letter of deficiency' induced me to dispose of records, thus fundamentally damaging my position with respect to allegations of any deficiencies proposed by Respondent.

"Equitable estoppel is a judicial doctrine that precludes a party from denying that party's own acts or representations that induce another to act to his or her detriment."  McCorkle v. Commissioner, 124 T.C. 56, 68 (2005).  "It is to be applied against the Commissioner only with utmost caution and restraint." Id.

> The essential elements of estoppel are:  (1) There must be a false representation or wrongful misleading silence; (2) the error must be in a statement of fact and not in an opinion or a statement of law; (3) the person claiming the benefits of estoppel must be ignorant of the true facts; and (4) he must be adversely affected by the acts or statements of the person against whom estoppel is claimed. * * * [Id.]

Petitioner fails to satisfy at least three of the four elements.  The closing notice references only petitioner's 2002 Form 1040.  It instructs him that, if he has already received a notice of deficiency, he may disregard it, and he will not need to file a petition with the Tax Court to redetermine the tax he owes.  The closing notice references neither 1999 nor 2000, and it was issued more than a year before the notice.  The closing notice contains neither a false representation nor a misleading silence.  It cannot serve as the basis for a defense of equitable estoppel.

Apparently with respect to respondent's examination of 1999 and 2000, petitioner asks that we find that he received advice from IRS employees he telephoned that--

> the examiner was mistaken and that the case was indeed closed and I had no obligation to respond to requests [from] the local IRS office.  I noted the dates and times of these telephone calls and the employee numbers of the IRS representatives who re-assured me that I was under no obligation to respond.

Any advice that petitioner may have received that he had no obligation to respond to requests from the local IRS office would have constituted an opinion or a statement of law and not a statement of fact.  As such, the advice could not serve as the basis for a defense of equitable estoppel.

Even were we to grant that either the closing notice or telephone conversations otherwise satisfy the elements of equitable estoppel, petitioner has failed to show detrimental reliance.  We have found that petitioner participated in the audit for 1999 and 2000, set forth his position relative to respondent's adjustments, and provided pertinent documents and information.  He has failed to convince us that he suffered any detriment from relying on the closing notice or any advice he received by telephone.

Petitioner's defense of equitable estoppel fails.

IV.  Conclusion

Except with respect to those for 2002, which respondent concedes, we shall sustain respondent's determinations of deficiencies in, and additions to tax for, 1999 and 2000.

An appropriate decision will be entered.