T.C. Memo. 2009-115

UNITED STATES TAX COURT

STEPHANIE RENAE HARDIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12331-08.                    Filed May 26, 2009.

Stephanie Renae Hardin, pro se.

<u>Michael W. Bitner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of
$2,114 in petitioner's Federal income tax (tax) for her taxable
year 2006.

We must decide whether petitioner is entitled to relief under section 6015(f)[1] for her taxable year 2006. We hold that she is not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Iowa at the time she filed the petition in this case.

During 2006, petitioner's former spouse, Maxwell K. Hardin (Mr. Hardin), received from the State of Iowa unemployment compensation totaling $6,817 (Mr. Hardin's unemployment compensation). That compensation was deposited into a checking account over which Mr. Hardin and petitioner each had signature authority. Petitioner used funds deposited into that checking account in order to pay certain household bills. Petitioner did not receive a benefit beyond normal support from Mr. Hardin's unemployment compensation.

Petitioner and Mr. Hardin jointly filed Form 1040A, U.S. Individual Income Tax Return, for their taxable year 2006 (2006 joint return). In that return, petitioner and Mr. Hardin did not include Mr. Hardin's unemployment compensation in their gross income.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

During 2006, petitioner did not work.  She began working in June 2007.[2]

At no time did Mr. Hardin physically or mentally abuse petitioner.

Petitioner and Mr. Hardin did not transfer any assets to each other as part of a fraudulent scheme between them.  Nor did Mr. Hardin transfer to petitioner any disqualified assets as defined in section 6015(c)(4)(B)(i).

Petitioner timely filed a tax return for her taxable year 2007.

On February 25, 2008, respondent issued to petitioner and Mr. Hardin a notice of deficiency with respect to their taxable year 2006 (2006 notice).  In that notice, respondent determined that Mr. Hardin's unemployment compensation is includible in the gross income of petitioner and Mr. Hardin.

On May 20, 2008, petitioner filed the petition in this case.

On August 19, 2008, petitioner and Mr. Hardin divorced and a stipulated decree of dissolution of marriage (divorce decree) was entered.  Although that decree contains provisions regarding the rights of petitioner and Mr. Hardin to claim certain dependency exemptions and child tax credits with respect to their children, it does not provide that Mr. Hardin has a legal obligation to pay

_____

[2]The record does not disclose the type of work that petitioner did during 2007.

any outstanding tax liability that he and petitioner incurred while married.

On October 24, 2008, after petitioner had filed the petition in this case, she submitted to respondent's Appeals Office (Appeals Office) Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), with respect to her taxable year 2006 (petitioner's Form 8857). Petitioner attached a statement to that form that stated:

> I feel I should not be responsible to pay this. The year of 2006 I did not work. My ex husband is the one who * * * took care of our taxes. Yes I knew he had received unemployment at times during that year. It is * * * my fault I did not read over the tax * * * return before signing it, but even if I had I still did not know before this situation occured [sic] that * * * you have to * * * claim unemployment on tax returns. He (my ex) never told me he had to. Each year he either did them online or took them to someone to do for us and I just signed it when it was done.

Petitioner was in good physical and mental health when she and Mr. Hardin filed their 2006 joint return and when she submitted petitioner's Form 8857 to the Appeals Office.

A settlement officer with the Appeals Office (settlement officer) who was assigned petitioner's Form 8857 reviewed petitioner's request for relief under section 6015(b), (c), and (f) and determined that she was not entitled to that relief. The settlement officer prepared a memorandum setting forth her reasons for that determination. That memorandum stated in pertinent part:

## GENERAL BACKGROUND

* * * The information return matching program found that the 2006 joint tax return filed by the petitioner and her ex-husband failed to report $6,817 of unemployment compensation.

On December 10, 2007 the taxpayer was issued a CP2000 notice informing both her and her ex-husband of the addition to tax due to the unreported unemployment income. * * *

The case file does not contain any information showing if the taxpayer responded to the CP2000 notice.  A statutory notice of deficiency was issued on February 25, 2008.  The understatement of tax shown on the notice was $2,114.  There were no penalties or additions to tax shown on the notice.

Only * * * [petitioner] filed a tax court petition protesting the amounts shown on the statutory notice. * * * [Mr.] Hardin did not petition the tax court.  The amount in question has been assessed on an MFT 31 account for * * * [Mr.] Hardin.

The tax court petition filed by * * * [petitioner] states the following:

> "I feel I should not have to pay this mainly because I did not work the year in question.  Also, my ex-husband is the one who had the taxes filed that year.  I just signed the papers when they were ready.
>
> I did not work most of the year in 2005, none in 2006, and only a few months toward the end of 2007.  My soon to be ex-husband was the main provider of the household and took care of filing all of the taxes."

It should be noted that * * * [petitioner] does not disagree with the adjustments related to the unreported unemployment income.  She just feels she should not be held responsible for the additional tax.  She believes the income was her ex-husband's and that he should be solely responsible for paying the additional tax owed.

* * * [Petitioner] provided a form 8857 * * * to the Appeals Office. She attached a written statement to the form stating why she should qualify for innocent spouse relief.

After a telephone conference with * * * [petitioner], it was determined that she did not qualify for innocent spouse relief. She does not agree with the position the government is taking in denying her innocent spouse request.

This case is being sent over for trial preparation because the Appeals Officer and * * * [petitioner] could not reach an agreement regarding the Innocent spouse Issue.

    \*      \*      \*      \*      \*      \*      \*

Is the taxpayer entitled to relief from liability under Internal Revenue Code Section 6015?

### SUMMARY AND RECOMMENDATION

No the taxpayer is not entitled to receive innocent spouse relief.

The taxpayer does not qualify for relief under Internal Revenue Code Sections 6015(b) and (c).

The factors in favor of granting relief under Code Section 6015(f) are outweighed by the factors against granting relief. Therefore, it is recommended that the taxpayer's request for innocent spouse relief be denied.

### DISCUSSION AND ANALYSIS

    \*      \*      \*      \*      \*      \*      \*

**6015(f)**

    Relief is provided for under code section 6015(f) if, taking into account all the facts and Circumstances, it is inequitable to hold the individual liable for any unpaid tax or any Deficiency (or any portion of either); and relief is not available under subsection 6015(b) or (c).

**Threshold Factors under IRC Section 6015(f)**

A joint return was filed.

IRC Sections 6015(b) and (c) are not available.

There was a timely application for relief.

There is no evidence of fraudulent transfers of assets.

There is no evidence of disqualified assets transferred.

There is no evidence a fraudulent joint return presented.

The tax is attributable to the non-requesting spouse.  Exceptions:
Attribution is solely due to community property rules
Ownership of income is in name only
The non-requesting spouse  misappropriated funds to pay the tax
The requester suffered from abuse and didn't challenge the taxes for fear of retaliation

Based upon the facts known to the Appeals Officer, the threshold factors have been met by the taxpayer.

**TIER I AND TIER II Factors of section 6015(f)**

Following are the circumstances under which equitable relief under section 6015(f) will Ordinarily be granted.

**TIER I -** applies to underpayment cases.  **Does not apply to this situation.**  This case is a result of a deficiency on unreported items on the tax return.

(1)  In cases where a liability reported on a joint return is unpaid, equitable relief under 6015(f) will ordinarily be granted in cases were ALL of the following elements are satisfied:

(a) At the time relief is requested, the requesting spouse is no longer married to, is legally separated from, the nonrequesting spouse, or has not been a member of the same household as the requesting spouse at any time during the 12-month period ending on the date relief was requested;

(b) At the time the return was signed, the requesting spouse had no knowledge or reason to know that the tax would not be paid, The requesting spouse must establish that it was reasonable for the requesting spouse to believe that the nonrequesting spouse would pay the reported liability.  If a requesting spouse would otherwise qualify for relief under this section, except for the fact that the requesting spouse had no knowledge or reason to know of only a portion of the unpaid liability, then the requesting spouse may be granted relief only to the extent that the liability is attributable to such portion; and

(c) The requesting spouse will suffer economic hardship if relief is not granted.  For purposes of this section, the determination of whether a requesting spouse will suffer economic hardship will be made by the Commissioner or the Commissioner's delegate, and will be based on rules similar to those provided in Section 301.6343-1(b)(4) of the Regulations on procedure and Administration (**the same as those provided in the economic hardship provisions for offers and compromise**).

## **TIER II**

The Secretary may grant equitable relief under Section 6015(f) or 66(c) if, taking into account all of the facts and circumstances, it is inequitable to hold the requesting spouse liable for all or part of the unpaid liability or deficiency.  The following is a partial list of the positive and negative factors that will be taken into account in determining whether to grant full or partial equitable relief under Section 6015(f) or 66(c).  **No single factor will be determinative of**

**whether equitable relief will or will not be granted in any particular case.  Rather, all factors will be considered and weighed appropriately.  The list is not intended to be exhaustive.**

(a) Marital status.  The requesting spouse is separated (whether legally separated or living apart) or divorced from the nonrequesting spouse.

MEETS.  The taxpayer meets this item.  The taxpayer is recently divorced from her ex-husband.  She is currently living with her boy friend.

This factor weighs in favor of the requesting spouse.

(b) Economic Hardship.  The requesting spouse would suffer economic hardship (within the meaning of section 4.02(1)(c) of this revenue procedure) if relief from liability is not granted.

DON'T KNOW.  The taxpayer was provided with a form 8857 along with the related extensive questionnaire worksheet that gathers the data needed to make this determination.  She provided Appeals with the form 8857 but not the worksheet and questionnaire.  It may be appropriate to note that she recently had a baby at the end of October, 2008.

During the Appeals conference, she stated she was only going to take a short period of time off after the birth of child.  However, because she does not want to pay the deficiency, she is considering not working for at least 6 months or longer.  This is a possible indicator that she would would not suffer an economic hardship if she were required to pay the amount owed.

(c) No knowledge or reason to know.  In the case of a liability that was properly reported but not paid, the requesting spouse did not know and had no reason to know that the liability would not be paid.  In the case of a liabil-

ity that arose from a deficiency, the re-
questing spouse did not know or had no reason
to know of the item that gave rise to the
liability.

DOES NOT MEET.  The requesting spouse has
acknowledged she knew her ex-husband received
the unreported unemployment benefits.  She
paid household bills with the unreported
income.

This factor does not favor the requesting
spouse.

(d) Nonrequesting Spouse's legal obligation.  The
nonrequesting spouse has a legal obligation
pursuant to a divorce decree or agreement to
pay the outstanding liability.  This will not
be a factor weighing in favor of relief if
the requesting spouse knew or had reason to
know, at the time the divorce decree or
agreement was entered into, that the
nonrequesting spouse would not pay the lia-
bility.

DOES NOT MEET.  The divorce decree does not
address any legal obligation of either spouse
to pay the understatement of income tax.

This factor does not favor the requesting
spouse.

(e) Significant benefit.  The requesting spouse
has significantly benefited (beyond normal
support) from the unpaid liability or items
giving rise to the deficiency.  See Section
1.6013-5(b).

MEETS.  The requesting spouse did not benefit
from the unreported income.  The unemployment
benefits received were used to pay the normal
household bills.

This factor favors the requesting spouse.

(f) Compliance with federal income tax laws.  The
requesting spouse has made a good faith ef-
fort to comply with federal income tax laws

in the tax years following the tax year or years to which the request for relief relates.

MEETS.  The requesting spouse meets this factor in considering relief.  The requesting spouse filed a joint return with her ex-husband for the 2005 and 2006 tax years.  She filed as head of household for the 2007 tax year.

This factor favors the requesting spouse.

(g) Abuse.  The requesting spouse was abused by the nonrequesting spouse, But such abuse did not amount to duress.

DOES NOT MEET.  The requesting spouse was not abused by her ex-husband.

This factor does not favor granting innocent spouse relief.

(h) Mental or physical health.  Whether the requesting spouse was in poor mental or physical health on the date the requesting spouse signed the return or at the time the relief was requested.

DOES NOT MEET.  The requesting spouse was in good mental and physical health - both at the time the return was signed and at the time the innocent spouse relief was requested.

This factor does not favor granting innocent spouse relief.

Taking into account all of the facts and circumstances of this case, **I DO NOT THINK** it is inequitable, under Section 6015(f) to hold the taxpayer liable for any unpaid tax or any deficiency.  [Reproduced literally.]

OPINION

The only dispute between the parties is whether petitioner is entitled to relief under section 6015(f).[3]  Petitioner bears the burden of proving that she is entitled to relief under that section.[4]  See Rule 142(a); Jonson v. Commissioner, 118 T.C. 106, 113 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

Section 6015(f) provides:

SEC. 6015.  RELIEF FROM JOINT AND SEVERAL LIABILITY ON
            JOINT RETURN.

     (f) Equitable Relief.--Under procedures prescribed
by the Secretary, if--

          (1) taking into account all the facts and
     circumstances, it is inequitable to hold the indi-
     vidual liable for any unpaid tax or any deficiency
     (or any portion of either); and

          (2) relief is not available to such individ-
     ual under subsection (b) or (c),

the Secretary may relieve such individual of such
liability.

As directed by section 6015(f), the Commissioner of Internal Revenue (Commissioner) has prescribed procedures in Rev. Proc. 2003-61, 2003-2 C.B. 296 (Revenue Procedure 2003-61), that are to be used in determining whether it would be inequitable to find

---

[3]Petitioner agrees that the deficiency that respondent determined in the 2006 notice is correct.  Petitioner also agrees that she is not entitled to relief under sec. 6015(b) or (c).

[4]In a so-called stand-alone nondeficiency case, the standard of review under sec. 6015(f) is de novo.  Porter v. Commissioner, 132 T.C. __ (2009).

the requesting spouse liable for part or all of the deficiency in question.  That revenue procedure lists seven threshold conditions (threshold conditions) which must be satisfied before the Commissioner will consider a request for relief under section 6015(f).  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297. Respondent concedes that those conditions are satisfied in the instant case.

Where, as here, the requesting spouse satisfies the threshold conditions, Revenue Procedure 2003-61 sets forth the following factors that are to be considered in determining whether that spouse is entitled to relief under section 6015(f):[5]  (1) Whether the requesting spouse is separated or divorced from the nonrequesting spouse (marital status factor); (2) whether the requesting spouse would suffer economic hardship if not granted relief (economic hardship factor); (3) whether the requesting

---

[5]Other factors that may be considered under Revenue Procedure 2003-61 are (1) whether the nonrequesting spouse abused the requesting spouse (abuse factor) and (2) whether the requesting spouse was in poor mental or physical health (mental or physical health factor) when he or she signed the tax return (return) or when he or she requested relief.  Rev. Proc. 2003-61, sec. 4.03(2)(b), 2003-2 C.B. 296, 299.  In the event that (1) the nonrequesting spouse abused the requesting spouse or (2) the requesting spouse was in poor mental or physical health when he or she signed the return or when he or she requested relief, the abuse factor or the mental or physical health factor, as the case may be, will be taken into account.  Id.  However, where, as here, (1) the nonrequesting spouse did not abuse the requesting spouse and (2) the requesting spouse was not in poor mental or physical health when she signed the return or when she requested relief, those factors are not taken into account.  Id.

spouse knew or had reason to know of the item giving rise to the deficiency (knowledge factor); (4) whether the nonrequesting spouse has a legal obligation to pay the outstanding tax liability pursuant to a divorce decree or agreement (legal obligation factor); (5) whether the requesting spouse received a significant benefit from the item giving rise to the deficiency (significant benefit factor); and (6) whether the requesting spouse has made a good faith effort to comply with the tax laws for the taxable years following the taxable year to which the request for such relief relates (compliance factor). Rev. Proc. 2003-61, sec. 4.03(2)(a), 2003-2 C.B. at 298-299. In making our determination under section 6015(f), we shall consider those factors and any other relevant factors. No single factor is to be determinative in any particular case, and all factors are to be considered and weighed appropriately.

With respect to the marital status factor, on August 19, 2008, petitioner and Mr. Hardin divorced.

With respect to the economic hardship factor,[6] petitioner

---

[6]In determining whether a requesting spouse will suffer economic hardship, sec. 4.02(1)(c) of Revenue Procedure 2003-61 requires reliance on rules similar to those provided in sec. 301.6343-1(b)(4), Proced. & Admin. Regs. That regulation generally provides that an individual suffers an economic hardship if the individual is unable to pay his or her reasonable basic living expenses. Sec. 301.6343-1(b)(4), Proced. & Admin. Regs., provides in pertinent part:

(continued...)

did not present any evidence, and on the record before us we find that she has failed to carry her burden of, establishing that she would suffer economic hardship if relief under section 6015(f) were not granted.

With respect to the knowledge factor, although petitioner acknowledges that she knew that Mr. Hardin received unemployment

_____

[6](...continued)
    (ii) Information from taxpayer.--In determining a reasonable amount for basic living expenses the director will consider any information provided by the taxpayer including--

        (A) The taxpayer's age, employment status and history, ability to earn, number of dependents, and status as a dependent of someone else;

        (B) The amount reasonably necessary for food, clothing, housing (including utilities, home-owner insurance, home-owner dues, and the like), medical expenses (including health insurance), transportation, current tax payments (including federal, state, and local), alimony, child support, or other court-ordered payments, and expenses necessary to the taxpayer's production of income (such as dues for a trade union or professional organization, or child care payments which allow the taxpayer to be gainfully employed);

        (C) The cost of living in the geographic area in which the taxpayer resides;

        (D) The amount of property exempt from levy which is available to pay the taxpayer's expenses;

        (E) Any extraordinary circumstances such as special education expenses, a medical catastrophe, or natural disaster; and

        (F) Any other factor that the taxpayer claims bears on economic hardship and brings to the attention of the director.

compensation during 2006, she claims that she is entitled to relief under section 6015(f) because she did not know that she and Mr. Hardin were required to include that compensation in their income for that year. We reject that claim. In assessing the knowledge factor, what is important is that petitioner knew that Mr. Hardin received unemployment compensation during 2006 and not that she did not know that she and Mr. Hardin were required to include that compensation in their income for that year.

With respect to the legal obligation factor, the divorce decree does not provide that Mr. Hardin has a legal obligation to pay any outstanding tax liability that he and petitioner incurred while married.

With respect to the significant benefit factor, petitioner did not receive a benefit beyond normal support from Mr. Hardin's unemployment compensation. Normal support is not a significant benefit. Flynn v. Commissioner, 93 T.C. 355, 367 (1989).

With respect to the compliance factor, petitioner filed a return for her taxable year 2007.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that it would be inequitable to hold her liable for the deficiency that respondent determined for her taxable year 2006. On that record, we further find that petitioner has failed to

carry her burden of establishing that she is entitled to relief under section 6015(f).

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for</u>
<u>respondent</u>.