T.C. Memo. 2017-66

UNITED STATES TAX COURT

BRENDA TAFT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16003-14.                    Filed April 18, 2017.

<u>Joseph A. DiRuzzo III</u> and <u>Christopher J. Rajotte</u>, for petitioner.[*]

<u>Kimberly A. Daigle</u> and <u>Kenneth A. Hochman</u>, for respondent.

---

[*] Brief amicus curiae was filed by <u>T. Keith Fogg</u> and <u>Carlton M. Smith</u> as attorneys for the Harvard Federal Tax Clinic.

[*2]     MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined that petitioner was entitled to relief under section 6015(c) for 2010.[1]  We must decide whether petitioner should instead receive relief under section 6015(b) or (f).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulations of fact and the attached exhibits are incorporated by this reference.  Petitioner resided in Florida when she filed her petition.

Petitioner and Mr. Taft married in 1981.  Shortly after their marriage, petitioner graduated from college with an associate's degree in nursing and began working as a registered nurse.  Mr. Taft began working for Publix Supermarkets, Inc. (Publix), where he was employed for over 25 years.  One of the benefits of Mr. Taft's employment with Publix was that he received company stock as part of his compensation.  Over the years, the value of his stock grew to over $200,000.

In 2009 Mr. Taft was fired from Publix.  The following year he began liquidating his stock to fund an extramarital affair.  Mr. Taft concealed his stock transactions and his affair from petitioner.

---

[1] All section references are to the Internal Revenue Code of 1986 in effect at all relevant times.

[*3]  When the time came to file their 2010 return, Mr. Taft did not want petitioner to discover the stock liquidation.  Therefore he directed their longtime accountant to electronically file their joint return without petitioner's approval or review.  The return reported a $25,000 sale of Publix stock and nearly $200,000 in income from "pensions and annuities".  The return, however, failed to report $4,874 Mr. Taft received in taxable dividends.  Unbeknownst to petitioner, respondent later assessed the additional tax liability arising from the dividends.

In late 2011 petitioner discovered the affair.  She quickly separated from Mr. Taft and filed for divorce.  In the course of the divorce proceeding, petitioner learned that Mr. Taft had liquidated all of his Publix stock and that he had wasted most of the family's retirement savings.  The divorce became final in 2013.[2]

Shortly after the divorce became final, petitioner filed her 2012 return showing that she was due a refund of $5,261.  Instead of issuing the full refund, respondent credited $1,570 to the joint 2010 liability resulting from Mr. Taft's

---

[2]  The divorce decree states that Mr. Taft

> has engaged in an affair with another woman and has liquidated all of the parties savings/retirement funds for his own use.  Further, the Court finds that * * * [Mr. Taft] has economically devastated the family as a direct result of * * * [Mr. Taft's] wasteful liquidation of the parties' savings.  Most disturbing to the Court is * * * [Mr. Taft's] rapid spending of the parties savings in less than six (6) months time.

**[*4]** unreported dividends. Petitioner filed a Form 8857, Request for Innocent Spouse Relief, requesting that she be relieved of the liability resulting from the unreported dividends and that respondent refund her money that was credited to that liability.

Respondent determined that petitioner qualified for relief under section 6015(c) but was not entitled to a refund.

Petitioner timely filed a petition for review of respondent's determination.

OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3); see sec. 1.6013-4(b), Income Tax Regs. Section 6015 provides three avenues for relief from that liability (often referred to as innocent spouse relief) to a taxpayer who has filed a joint return: (1) section 6015(b) allows relief for understatements of tax attributable to certain erroneous items on a return; (2) section 6015(c) provides relief for a portion of an understatement of tax to taxpayers who are separated or divorced; and (3) section 6015(f) more broadly confers on the Commissioner discretion to grant equitable relief to taxpayers who otherwise do not qualify under section 6015(b) or (c). See also sec. 6015(e).

**[\*5]** Respondent determined that petitioner "met the requirements for relief" under section 6015(c). Consequently, the entire deficiency was allocated to Mr. Taft. However, because spouses that are granted section 6015(c) relief are not entitled to refunds, petitioner did not receive a refund of her money that was used to satisfy the deficiency attributable to Mr. Taft. See sec. 6015(g)(3).

Petitioner argues that she should have instead been granted relief under section 6015(b), which allows for refunds under these circumstances. See sec. 6015(g)(1). Section 6015(b)(1) provides that a taxpayer will be relieved of liability for an understatement of tax if: (A) a joint return was made for the taxable year in question; (B) there is an understatement of tax attributable to erroneous items of the nonrequesting spouse; (C) the requesting spouse "establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement"; (D) taking into account all the facts and circumstances, it would be inequitable to hold the requesting spouse liable for the deficiency attributable to the understatement; and (E) the requesting spouse elects to invoke subsection (b) within two years after the date the Commissioner has begun collection actions with respect to the requesting spouse.

The requirements of section 6015(b)(1) are conjunctive. Failure of a requesting spouse to satisfy any one of the elements precludes relief. Alt v.

[*6] <u>Commissioner</u>, 119 T.C. 306, 313 (2002), <u>aff'd</u>, 101 F. App'x 34 (6th Cir. 2004). The requesting spouse bears the burden of proving entitlement to section 6015(b) relief. <u>Id.</u> at 311.

Respondent concedes that petitioner satisfies the requirements of section 6015(b)(1)(A), (B), and (E). Respondent argues, however, that petitioner does not meet the requirements of subparagraphs (C) and (D) because she had reason to know of the understatement and because it would not be inequitable to hold her liable for the deficiency. We address these two arguments in turn.

<u>Section 6015(b)(1)(C) Reason To Know</u>

"An individual has reason to know of the understatement if a reasonably prudent taxpayer in her position at the time she signed the return could be expected to know that the return contained the understatement." <u>Hopkins v. Commissioner</u>, 121 T.C. 73, 77 (2003); <u>see also</u> <u>Stevens v. Commissioner</u>, 872 F.2d 1499, 1505 (11th Cir. 1989), <u>aff'g</u> T.C. Memo. 1988-63; sec. 1.6015-2(c), Income Tax Regs. Consequently, the requesting spouse has a "duty of inquiry" with respect to the income tax return filed. <u>Butler v. Commissioner</u>, 114 T.C. 276, 283-284 (2000). The duty of inquiry is subjective, focusing on the individual seeking relief. <u>Smith v. Commissioner</u>, T.C. Memo. 2009-237, slip op. at 8. Factors to be considered in making this determination are: (1) the requesting

**[*7]** spouse's level of education; (2) the requesting spouse's involvement in the family's business and financial affairs; (3) the presence of expenditures that appear lavish or unusual when compared to the family's past levels of income, standard of living, and spending patterns; and (4) the culpable spouse's evasiveness and deceit concerning the couple's finances. See Stevens v. Commissioner, 872 F.2d at 1505.

    1.    Education

Petitioner has an associate's degree in nursing. She has no accounting or business background and has never taken tax classes. This factor weighs in favor of petitioner. See Wang v. Commissioner, T.C. Memo. 2014-206, at *20 (stating that the education factor is frequently decided in favor of taxpayers who are highly educated but who lack education in business, accounting, or tax).

    2.    Financial Affairs

Petitioner credibly testified that she and her husband maintained a great deal of independence from each other when it came to the family's financial affairs. Petitioner and Mr. Taft each maintained a separate bank account which the other could not access, and they refrained from opening or reviewing each other's mail. Consequently, petitioner did not have access to the account where the dividends would have been deposited, and she did not review Mr. Taft's mail where the

**[*8]** dividends would have been reported. Petitioner's role in the family's financial affairs was limited to paying certain household expenses. This factor weighs in favor of petitioner.

### 3. Lavish or Unusual Expenditures

While Mr. Taft surely made lavish and unusual expenditures in 2010, he concealed them from petitioner and did not make them for her benefit. Mr. Taft spent all his available resources on his secret affair. It was not until late in 2011 that petitioner discovered the affair and the fact that Mr. Taft had wasted his retirement savings. This factor weighs in favor of petitioner.

### 4. Culpable Spouse's Evasiveness or Deceit

Petitioner was clearly the victim of Mr. Taft's deceit. Mr. Taft did not want petitioner reviewing their joint return because she would have discovered that he had liquidated the family's retirement savings. Therefore, Mr. Taft directed the accountant to file the return electronically without petitioner's signature or review. When petitioner inquired as to the status of the return, Mr. Taft brusquely responded that he "took care of it".[3] This factor weighs in favor of petitioner.

---

[3] We infer from petitioner's credible testimony that her inquiry ended here because she trusted that their longtime accountant had properly prepared the return. See Price v. Commissioner, 887 F.2d 959, 966 (9th Cir. 1989) (stating that a spouse's trust in an accountant's expertise can satisfy a duty of inquiry).

**[\*9]**   Given that all four factors weigh in favor of petitioner, we conclude that petitioner has adequately established that she had no reason to know of the understatement.

Section 6015(b)(1)(D) Inequity

Next we must address whether it is inequitable to hold petitioner liable for the deficiency.  See sec. 6015(b)(1)(D).  The material factors most often cited and considered are whether there has been a significant benefit to the spouse claiming relief and whether the failure to report the correct tax liability on the joint return resulted from concealment, overreaching, or any other wrongdoing on the part of the other spouse.  Alt v. Commissioner, 119 T.C. at 314; Jonson v. Commissioner, 118 T.C. 106, 119 (2002), aff'd, 353 F.3d 1181 (10th Cir. 2003).

As stated in the prior section, the understatement was attributable to Mr. Taft and did not result in any significant benefit to petitioner.  As the divorce court acknowledged, see supra note 2, Mr. Taft depleted his family's savings for his own use.  The record also establishes that Mr. Taft concealed his wasteful spending, stock sales, and dividend distributions from petitioner.  Under these circumstances, we find that it would clearly be inequitable to hold petitioner liable for the deficiency.

**[\*10]**  In sum, we find that petitioner has established that she meets the requirements of section 6015(b)(1).[4]  Accordingly, petitioner is entitled to relief from joint and several liability and a refund of $1,570.40.[5]  See sec. 6015(g)(1).

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for petitioner.

---

[4]  Petitioner and amicus alternatively argue that she is entitled to relief under sec. 6015(f) and that the Court should invalidate sec. 1.6015-4(b), Income Tax Regs., which bars refunds under certain circumstances.  Because we determine that petitioner is entitled to relief under sec. 6015(b), we need not address this alternative argument.

[5]  Petitioner meets the requirements for a refund under sec. 6511.